LEE HUNTER, Respondent, v. A. G. MATHEWSON
et al., Appellants.

St. Louis Court of Appeals, June 14, 1910.

1. INJUNCTIONS: Corporations: Creditor's Bill: Restraining Defendant from Collecting Obligation Against Plaintiff's Debtor: Insolvency of Defendant Not Shown: Demand Against Defendant in Favor of Plaintiff Not Established: Facts Stated. A mercantile company, of which defendants were stockholders, executed three notes to plaintiff, one for money loaned, and the other two for stock in the company, assigned by plaintiff to defendants, who then became the owners of the entire stock, and who executed at the same time a trust deed on the company's realty in the name of the company. Thereafter the company made an assignment for creditors, and the assignee allowed the three notes as a demand upon its assets, whereupon plaintiff and the other creditors made an agreement, by which the assignee should be allowed to sell the property covered by the trust deed, and plaintiff be permitted to apply to the assignee and court for an order to satisfy plaintiff's claim on the notes, as a preferred creditor, out of the proceeds of the sale. Plaintiff thereafter instituted an action to recover from the assignee sufficient of the proceeds of the sale to discharge his notes, which the other creditors opposed, and judgment went against him. Pending his appeal to the Supreme Court, plaintiff brought this suit to restrain defendants from collecting allowances in their favor by the assignee, and from transferring such allowances pending plaintiff's appeal. *Held*, that the action could not be maintained because it was not shown that defendants were insolvent, so that plaintiff would be unable to collect from them anything owing him if his suit against the assignee failed, and because plaintiff had established no demand by judgment against defendants, as is necessary in this form of action.

2. ————: ————: Creditors' Bill: Necessity of Establishing Demand by Judgment. Such a suit, being in the nature of a creditors' bill, cannot be maintained because plaintiff had not established his demand by judgment against defendants.

3. ————: ————: ————: Trust Fund Theory Not Applicable. The doctrine that the owner of a fund may follow it into the hands of an assignee for creditors and secure a lien on the assigned assets, if he can show his money passed to the assignee, is not applicable where no money belonging to the plaintiff was assigned; and the fact that money he

paid in for the capital of the assignor corporation may have purchased some of the assigned property would give him no right to a preference out of the assets, even if the company owed him, and certainly would give him none if only the stockholders owed him.

4. JUDGMENTS: Res Judicata: Pendency of Appeal. A decision, in an action against an assignee for creditors of a corporation to recover sufficient of the proceeds of the sale of realty, on which plaintiff had a trust deed to secure notes, that plaintiff was not entitled to have the notes paid out of the corporation's assets, is binding in a subsequent suit by plaintiff to restrain the sole stockholders of the corporation, who executed the trust deed, from collecting allowances made in their favor by the assignee, pending plaintiff's appeal to the Supreme Court from the judgment in the former case.

Appeal from New Madrid Circuit Court.—*Hon. Henry C. Riley,* Judge.

REVERSED.

*Brown & Gallivan* for appellant.

(1) That the court erred in overruling defendants' demurrer and in permitting the plaintiff to offer any testimony on the petition over the objections and exceptions of the defendants at the time, the petition not stating facts sufficient to constitute a cause of action. The objections that the petition does not state facts sufficient to constitute a cause of action in law or equity can be raised at any time. Hudson v. Cahoon, 193 Mo. 547. (2) The petition fails to show that the defendants or any of them are solvent or that the plaintiffs' claim has been reduced to judgment, or that the plaintiff will suffer any loss if defendants are not restrained. In other words the petition does not show that plaintiff has no full and adequate remedy at law. Humphreys v. Milling Co., 98 Mo. 542; Benton County v. Morgan, 163 Mo. 661; Shickle v. Watts, 94 Mo. 419; Davidson v. Dockery, 179 Mo. 694; McKee v. Allen, 204 Mo. 674; Grocer Co. v. Clark, Exrx., 79 Mo. App. 405. (3) That the petition on its face shows that the plaintiff has es-

topped himself from pursuing another course. Bank v. Graham, 74 Mo. App. 256; Cobb v. Houston, 117 Mo. App. 645; Stone v. Cook, 179 Mo. 545; Fox v. Windes, 127 Mo. 502; Long v. Long, 111 Mo. 16; Smoot v. Judd, 184 Mo. 508; Nalle v. Parks, 173 Mo. 616; Nanson v. Jacob, 93 Mo. 331; Brewing Co. v. Miller, 124 Mo. App. 393; Com. Co. v. Railroad, 126 Mo. 344. (4) That the court erred in permitting plaintiff's attorneys to ask, and plaintiff to answer, certain questions. Eddy v. Baldwin, 32 Mo. 369; Green v. Gallagher, 35 Mo. 326; State ex rel. v. Roberts, 62 Mo. 388; McGuire v. De Trese, 77 Mo. App. 683. That the court erred in refusing defendant's instruction by way of demurrer to the evidence. Brewing Co. v. Miller, 124 Mo. App. 393.

*Oliver & Oliver* for respondent.

(1) The judgment, although interlocutory, was clearly for the right party. It was intended to hold the funds that these appellants expected to receive from said Mercantile Company in abeyance until after the Supreme · Court should have definitely determined whether respondent could recover from the assignee or not. Kalbach v. Mathis, 104 Mo. App. 300; Graham v. Womack, 82 Mo. App. 618; Hansen v. Neal, 215 Mo. 256; Secs. 3630 and 3639, R. S. Mo. 1899. (2) It is not essential to show that the Mathewsons were insolvent in order to have conferred jurisdiction upon the court in a case of this kind; therefore, no reversible error was committed by the court in permitting counsel for the respondent to show that Mathewson had no other property out of which respondent could make this debt. The respondent had the right to follow this fund and to hold it in court until after the decision of the Supreme Court and that was all that was done. Stark v. Kirkley, 129 Mo. App. 353; Hanson v. Neal, 215 Mo. 271. (3) This is strictly a proceeding in equity and instructions and declarations of law have no place in

proceedings of this kind. Heffernan v. Weir, 99 Mo. App. 301; Hunter v. Miller, 36 Mo. 143; Hudson v. Wright, 204 Mo. 412. (4) A demurrer to the evidence admits as true every fact which the testimony in behalf of the plaintiff tends to prove and every inference which may reasonably be drawn therefrom. Hach v. Railroad, 208 Mo. 581; Pitthan v. Schaithman, 127 Mo. App. 29. (5) The judgment being for the right party this court will not reverse it unless material and prejudicial error was committed by the trial court and against the rights of appellants. Not a penny has been taken from them by this decree. Its legal effect was and is to hold the allowances made by the assignee to these appellants in their present condition until the final determination of the case in the Supreme Court. If this is affirmed the trial court will then determine "what part, if any, of said allowances shall be applied to the payments of plaintiff's claim against these defendants." This is all that was sought to be done and it is all that the trial court granted, and its finding should not be disturbed. Sec. 865, R. S. Mo. 1899; Bassett v. Glover, 31 Mo. App. 150; Walker Bros. v. Railroad, 68 Mo. App. 465.

GOODE, J.—This action is in the nature of a suit in equity and the purpose is to restrain the defendants, A. G. Mathewson and Mabel Mathewson Howlett, from collecting certain allowances made in their favor by W. H. Garanflo, as general assignee for the benefit of creditors of the Mathewson Mercantile Company, and from selling or transferring said allowances until after the Supreme Court of the state shall determine an appeal pending in said court, wherein the present plaintiff is plaintiff and said assignee, Garanflo, is defendant, and wherein the plaintiff seeks to subject the funds of the Mathewson Mercantile Company in the hands of said assignee, to the payment of certain notes held by plaintiff against said Mercantile Company. The facts shown by the evidence and found by the court are these: In

February, 1902, the Mathewson Mercantile Company, a corporation, executed and delivered to plaintiff three promissory notes, one for $1700 due on demand, one for $5000, due two years after its date, and one for $5000, due three years after its date, drawing interest at the rate of eight per cent per annum, compounded if not paid annually. On the $1700 note, three payments, amounting to $654.30 were made at different times; and on the second of the $5000 notes, three payments amounting to $1220 were made. The $1700 note was executed by the Mercantile Company to plaintiff for money he had lent it and the other two notes were executed in the name of the Mercantile Company by defendant A. G. Mathewson and Mabel Mathewson (afterwards Mabel Howlett) to pay plaintiff for one hundred shares of the capital stock of said company, which he assigned and transferred to the two defendants A. G. and Mabel Mathewson. Plaintiff had paid $10,000 in cash into the Mercantile Company in payment for said shares of stock. When the two defendants bought plaintiff's shares, they became and continued to be the sole owners of all the stock of the company, and being owners of it, executed the notes to plaintiff, and at the same time executed, in the name of the Mathewson Mercantile Company, a deed of trust to E. C. Phillips on real estate belonging to the Mercantile Company. Later, in June, 1905, the Mercantile Company having fallen behind in the payment of its obligations, executed an assignment of all its assets to W. H. Garanflo, as assignee for its creditors. Said assignee thereafter allowed the three notes previously made to plaintiff in the name of the Mercantile Company as a demand against its assets. Thereupon an agreement was made between plaintiff and the other creditors of the Mercantile Company by which the assignee was allowed to sell the property which had been conveyed to Phillips as trustee for plaintiff, upon the understanding and agreement that plaintiff would be permitted to apply to the assignee and

the court administering the estate, for an order permitting plaintiff to claim, as a secured and preferred creditor, so much of the proceeds of the real estate as would discharge the notes he held which were secured by the deed of trust constituting a first lien on said real estate. Pursuant to this agreement Garanflo, as assignee, sold the real estate, making the announcement at the time of the sale that plaintiff would look to the proceeds for satisfaction of his lien instead of the property itself. Thereafter plaintiff filed an action to recover from the assignee enough of the proceeds of the assigned estate to discharge his notes, but other creditors resisted the action and the court determined adversely to plaintiff, who took an appeal to the Supreme Court, where the cause was pending when this suit was instituted. The two defendants presented claims to the assignee for services rendered to the Mercantile Company. The former was allowed $1678.58 by the assignee and the latter $643.68. It is those allowances the plaintiff seeks to restrain the defendants from assigning or transferring to any one else until the cause in the Supreme Court is determined. The court below found that in equity plaintiff had the right to follow said sums and have the same applied in satisfaction of the claim for stock he had sold to defendants, in case plaintiff should not succeed in recovering the amount of his notes from the Mercantile Company in the action pending in the Supreme Court. A decree was entered below restraining defendants from collecting or transferring said allowances.

This suit must fail. It is neither alleged nor proved the two defendants are insolvent so that if plaintiff's action against the proceeds of the Mercantile Company in the hands of the assignee should fail, he would not be able to collect from the defendants, if in fact they owe him anything. Moreover, he has not instituted an action for judgment against defendants on the notes, but on the contrary is proceeding on the theory the cor-

poration is his debtor. However, the essential fact is he has established no demand by judgment against the two defendants and this proceeding being in the nature of a creditor's bill, it will not lie. [Atlas Bank v. Packing Co., 138 Mo. 59, 39 S. W. 71; Luthy v. Woods, 1 Mo. App. 167.]

But it is contended that by virtue of the deed of trust plaintiff had a first lien on the land covered by it to secure the notes in question, which lien he relinquished in consideration of an agreement with the other creditors of the Mercantile Company he should have the right to apply for payment out of the proceeds either of the land or the general assets of the company, the record is not clear which. One answer to this argument is that the court which tried the other action decided, on some ground, plaintiff was not entitled to be paid the notes out of any of the assets of the Mercantile Company, and until the judgment is reversed by the Supreme Court, we must presume it was right. The court below made this finding:

"The court further finds that the defendants A. G. Mathewson and Mabel Mathewson, were the executive officers of said Mathewson Mercantile Company and that all moneys paid into said company for stock or otherwise had the legal effect to and did increase the value of the assets of said Mercantile Company to that extent, so that in equity and good conscience, the sale by plaintiff of said stock in said company, to A. G. Mathewson and Mabel Mathewson, had the effect to and did increase the holdings of these defendants, A. G. Mathewson and Mabel Mathewson, to that extent, and that in equity and good conscience these defendants A. G. Mathewson and Mabel Mathewson Howlett should be and are liable to the plaintiff for the balance due on said notes."

The court may have had in mind the doctrine that the owner of a fund may follow it into the hands of an assignee for creditors and secure a lien on the assigned

assets if he can show his money passed to the assignee. [Paul v. Draper, 158 Mo. 197, 59 S. W. 77.] The doctrine is not applicable here, because it is clear no money belonging to plaintiff was assigned, and the foregoing finding is wholly irrelevant. The money he paid in for the capital of the company may have purchased some of the assigned property, but that fact would give him no right to a preference out of the assets even if the company owed him, and certainly can give him none if the individual defendants owe him. It is difficult to discern the import of the finding. The gist of this case is that plaintiff is pursuing in another suit the assignee, on an alleged agreement made with the other creditors of the company that he should have a preference out of the assets, and on the theory that the company owes him; so far he has not prevailed in that suit, and in this one he seeks to prevent these defendants from disposing of allowances in their favor, on the theory that if he does not recover in the other suit from the company, he will be entitled to recover from defendants, against whom, be it remembered, he is not now proceeding as his debtors. There is no principle of equity with which we are acquainted that is a basis for such relief. An obstacle to present relief, if there is no other, is the petition neither seeks judgment against defendants for the indebtedness evidenced by the notes, nor alleges any impediment to recovery from them by execution if they owe it—neither alleges nor proves their insolvency. Hence shows no cause for extraordinary relief in equity.

Judgment reversed. All concur.