CAREY *et al.* v. WINSLOW.

No. 1458.   Opinion Filed January 16, 1912.

(122 Pac. 174.)

**CREDITOR'S BILL**—**Corporate Stock Held in Trust.**   Where a person transfers the legal title to corporate stocks, reserving the equitable ownership in himself, the stock is subject to the payment of a debt incurred by him subsequent to the transfer of the legal title, and can be reached by a holder of such debt to whom the original creditor assigned it.

(Syllabus by Rosser, C.)

*Error from District Court, Garfield County; M. C. Garber, Judge.*

Action by F. N. Winslow against D. M. Carey and J. A. Jamison.   Judgment for plaintiff, and defendants bring error. Affirmed.

*Sturgis & Manatt,* for plaintiffs in error.

*Robberts & Curran,* for defendant in error.

Opinion by ROSSER, C.   This is a suit in the nature of a creditor's bill brought by the defendant in error, F. N. Winslow, hereinafter called plaintiff, against the plaintiffs in error, D. M. Carey and J. A. Jamison, hereinafter called defendants, to subject certain property, the legal title to which was in Jamison, to the payment of a judgment in favor of plaintiff against Carey, recovered some time previous to the bringing of this suit.   There was a decree for plaintiff, subjecting sixty-six shares of capital stock of the Carey Stock Farm Company to the payment of his judgment, and ordering the stock sold to satisfy plaintiff's claim. This appeal is taken from that decree.

It appears from the evidence that the plaintiff's claim accrued after the stock was transferred from the defendant Carey to the defendant Jamison.   The note, upon which plaintiff recovered the original judgment against Carey, was given by Carey and C. C. Roberts to the Bank of Aline, Okla., and was transferred by the Bank of Aline to the plaintiff, before maturity, and before he brought the first suit.

The court made oral findings, the material parts of which, so far as the determination of this case is concerned, are as follows:

"The law has been presented and it is recognized that a person who is in insolvent circumstances may do as he pleases with his property and convey it or give it to others in so far as subsequent creditors are concerned and they cannot complain. They are not in a position to set aside, and, in this case, I do not find that the defendant Carey procured this loan and made this transfer with the design to defraud this creditor in this case, because he attached stock in the Drummond Mill & Elevator Company to the note as collateral in the amount of something like thirty (30) shares.

"So, that precludes the adoption of that theory that the sixty-six (66) shares was conveyed with the design to defraud this creditor. Then we reach the only remaining question in the case, and that is, whether or not these sixty-six (66) shares of stock was in fact conveyed to him in trust to be held in trust for the defendant D. M. Carey.

"We are precluded from adopting the theory that it was a sale or that it was a voluntary transfer without consideration because of the contention of the defendants that this consideration was paid; from the theory of a sale, because we are unable to accept their contention of the consideration. Being estopped from adopting either one of these two theories, we are confronted with the question now, whether or not these sixty-six shares are held in trust by Jamison or are held as his property."

The court then reviews the facts, and proceeds as follows:

"I am impelled to reach the conclusion that this stock was conveyed by Carey to Jamison, to be held in trust by him for D. M. Carey and, as such, it is subject to the payment of this judgment sued upon in this action and such will be the finding and judgment of the court."

No complaint is made as to the court's findings of fact from the evidence.

It is contended by defendants: First, that the plaintiff, being a subsequent creditor, cannot complain of the conveyance from Carey to Jamison, and is not entitled to set it aside without proof of actual fraud. Second, that the plaintiff, being an assignee of the original creditor, is not entitled to maintain this action, or to set aside the conveyance made before his assignor

became a creditor, and that his assignor could not transfer to him the right to set aside the alleged fraudulent transfer by a mere assignment of the evidence of indebtedness.

It is the law that a creditor cannot set aside a conveyance of his debtor's property made before his claim originated, unless it was made in contemplation of incurring indebtedness, and with the design to defraud the subsequent creditor. The authorities cited in the brief of plaintiff in error, defendant below, as well as numerous others, fully sustain this proposition, but these authorities apply to cases where there has been an actual transfer of the beneficial interest in the property, and do not apply to this case.

In this case the court found that the stock was conveyed to Jamison, and was conveyed to be held by him in trust for Carey, and that, therefore, Carey was the beneficial or equitable owner. In other words, the judgment debtor never parted with the beneficial ownership or equitable title. That remained in him, and was subject to all his debts in whosesoever hands they might be, just as all his other property was subject to his debts. In Perry on Trusts, sec. 150, it is said:

"A very common case of a resulting trust is where the owner of both the legal and equitable estate conveys the legal title only without conveying an equitable interest."

As the equitable ownership in the property remained in Carey, it was proper to subject it to the payment of the debt. Comp. Laws 1909, sec. 6006. It makes no difference, then, when the plaintiff's debt was created, whether before or after the conveyance of the legal title to Jamison. Carey remained the beneficial owner of the property, and it was at all times subject to his debts, and would be subject to a debt that he would make now if he still owned it in the same way.

In the case of *Newman v. Van Duyne,* 42 N. J. Eq. 485, the court said:

"It may be added that it does not appear when the complainant's debt was contracted, whether before or after the conveyance. But if the conveyance was made in trust for the debtor, it makes no difference whether the debt was contracted before or after the making of the conveyance."

In the case of *Burke v. Tewksbury* (Neb.) 92 N. W. 726, the court said:

"The first contention of the appellants is that the petition fails to state a cause of action, for the reason that it contains no allegation to the effect that at the time the title of the property was taken in the name of Alvira C. Tewksbury, her codefendant was insolvent, nor that he was in any manner indebted to the appellee at that time. This is not an action to set aside a fraudulent conveyance, but to subject certain property, of which it is alleged one of the defendants stands seised to the use of the other, to the satisfaction of a judgment against the latter. The gist of the action is whether the title is held in trust for the benefit of the judgment debtor. If it is, he is the real owner, and the property is liable for the satisfaction of his debts, whether he was insolvent, or indebted to the judgment creditor, when the trust was created or not."

See, also, *Cochran v. Cochran* (Neb.) 87 N. W. 152; *Burke v. Morris* (Ala.) 25 So. 759; *Taney v. O'Connell*, 27 Pac. (Colo.) 888; *Kelley v. Bell* (Ind.) 88 N. E. 58.

This view of the case also disposes of the defendant's second contention. The question of when the plaintiff became the owner of this claim, or how he became the owner, has nothing to do with it. He recovered a valid judgment against the defendant Carey upon the note, and he is entitled to subject any property that Carey now owns, or owned at the time of the judgment of this case, to the payment of the debt. The court found that Carey was the actual owner of the property at the time of the suit. Defendant's contention is correct as an abstract proposition of law, but it has no application to the facts of this case.

The judgment of the lower court should be affirmed.

By the Court: It is so ordered.

All the Justices concur.