## TREESE v. HORANY et al.

No. 16171—Opinion Filed Feb. 2, 1926.

Rehearing Denied July 13, 1926.

1. Creditors' Suit—Judgment in Favor of Estate of Original Debtor as Bar to Suit.

Where, in a suit in the nature of a creditors' bill or suit, in which the plaintiffs claim that the estate of their original debtor is legally liable to them, and seek to subject funds in the hands of another or third party to the discharge of their claim, it is incumbent upon the plaintiffs to exhaust their legal remedy against the debtor's estate by converting their claim into a judgment against the estate and finding no funds in the estate to pay their claim, before the bill can be maintained against such third party; and where, in the prosecution of their claim against the debtor's estate, judgment is entered against them in favor of

the estate, barring their right to recover out of or against the estate of the original debtor, such judgment is a bar to a judgment against such third party named in the bill.

## 2. Same—Judgment for Creditors not Sustained.

Record examined, and held, that the judgment of the trial court is not supported by the evidence, and is contrary to law, and to require that the judgment be reversed and remanded, with directions to set aside the judgment appealed from, and dismiss the plaintiffs' bill.

(Syllabus by Shackelford, C.)

Commissioners' Opinion, Division No. 4.

Error from District Court, Payne County; Charles C. Smith, Judge.

Action by Sam K. Horany and George K. Horany, doing business under the firm name and style of Horany Brothers, against J. F. Binkley, Rosalie Treese, administratrix of the estate of A. L. Treese, deceased, and Rosalie Treese. From the judgment, Rosalie Treese appeals. Reversed and remanded.

It appears that at one time J. F. Binkley and A. L. Treese, the husband of Rosalie Treese in his lifetime, were operating a business known as the Grand Theatre, and on about the 11th day of December, 1919, they drew their check for the sum of $1,000 in favor of Horany Brothers; and afterwards the check was turned down and Horany Brothers instituted suit against Binkley & Treese to recover on the check; and upon a trial of the cause judgment was rendered for the defendants, and the plaintiffs prosecuted appeal to the Supreme Court. While the cause was pending on appeal, A. L. Treese died, and Rosalie Treese was appointed administratrix, and the cause was revived as against her, both here and in the trial court. Upon consideration of the appeal the cause was reversed and remanded. Horany et al. v. Treese et al., 91 Okla. 264, 217 Pac. 396. When the mandate reached the trial court the plaintiffs moved that it be spread of record and for judgment against defendants J. F. Binkley and Rosalie Treese, administratrix of the estate of A. L. Treese, deceased. The mandate was spread of record and judgment was entered in favor of the plaintiffs and against J. F. Binkley for the amount of the check, accrued interest and costs, the sum of $1,316.05. but judgment against Rosalie Treese, administratrix of the estate of A. L. Treese, deceased, was denied; and such judgment was unappealed from and became final.

It appears that at the time the above suit was filed, and while the appeal was pending

in the lifetime of A. L. Treese, he and J. F. Binkley were owners of a considerable partnership property located in the city of Cushing. This property they, joined by their wives, conveyed to one George Harlow for $24,000, subject to a $10,000 mortgage. On the same day, George Harlow and his wife and Floyd L. Griffeth and his wife conveyed to J. F. Binkley and Rosalie Treese, land described as the southeast quarter of 15-18-5, in Payne county, for a consideration of $12,000. Both deeds are dated November 19, 1921. On the 3rd day of December, 1921, Binkley and his wife and Treese and his wife executed a mortgage on the said land in favor of Mary E. Hall, for the sum of $5,000. Title to the said land, subject to the mortgage, remained in J. F. Binkley and Rosalie Treese until the death of A. L. Treese. After his death, and on about the 8th day of June, 1923, Binkley and wife and Rosalie Treese conveyed the land to L. D. Gaunt, subject to the mortgage, and received therefor the sum of $2,420. Of this sum, $1.210 was paid to Rosalie Treese as her half of the purchase price, and the other half was turned over to her by J. F. Binkley as a payment on a note owing to her or to her husband. It seems that whatever was paid to Harlow for the land was paid by J. F. Binkley and A. L. Treese. After plaintiffs' obtained their judgment against J. F. Binkley, they caused execution to issue against him, and it was returned nulla bona.

Walter Mathews, for plaintiff in error.

J. M. Grubbs, for defendants in error Horany Brothers.

Opinion by SHACKELFORD. C. The defendants in error, Horany Brothers, commenced this action on October 15, 1923, in the district court of Payne county, against Rosalie Treese, administratrix of the estate of A. L. Treese, deceased, J. F. Binkley, and Rosalie Treese, seeking to recover a joint and several judgment against them in the sum of $1 318.05, the amount of the check originally given by Binkley & Treese, together with interest and costs, which had been merged into a judgment against J. F. Binkley and remained unsatisfied. The plaintiffs' petition alleges, in substance, the above stated facts, and further, in substance and effect, alleges that at the time the Cushing property was sold by Binkley & Treese and the farm land purchased by them and the title taken in the name of J. F. Binkley and Rosalie Treese, the land constituted the sole property of the partners, who gave the $1,000 check, and that they never afterwards acquired any other partnership property; that although the title to a half interest in

the land was conveyed to Rosalie Treese, the conveyance was without consideration paid by her, but was paid by A. L. Treese, and the property in fact belonged to J. F. Binkley and A. L. Treese at the time of the death of Treese; that after the death of A. L. Treese, J. F. Binkley and Rosalie Treese conveyed the said partnership land for a sum of money greater than the amount of plaintiffs' judgment against J. F. Binkley on the partnership debt of Binkley & Treese, and still have the consideration paid to them for the land, and the amount is still partnership funds of J. F. Binkley and A. L. Treese, and should be applied to the partnership debt, or, if not retained in their hands, they have appropriated the same to their own use and purposes, and if so, the plaintiffs are entitled to a personal judgment against the defendants. The plaintiffs' petition, in short, undertakes to trace the funds of the partnership (Binkley & Treese), so far as they belonged to A. L. Treese, into the hands of Rosalie Treese, and have them subjected to the payment of the partnership debt owing to the plaintiffs, if the funds are in her hands, and if she has converted such funds to her own use so such funds cannot be reached as such, then for personal judgment against her for the amount of the partnership debt. The prayer is for a personal judgment. Plaintiffs also sought a judgment against Rosalie Treese, as administratrix of the estate of A. L. Treese, deceased, attempting to state a cause of action against her as administratrix.

After unsuccessful demurrer to the plaintiffs' petition, defendant Rosalie Treese answered separately as an individual, and also as administratrix of the estate of A. L. Treese, deceased. The answers are substantially the same so far as may be necessary to consider the pleadings here. By way of answer she denies that plaintiffs' claim was presented to her as administratrix for her action thereon within the four months' period fixed by statute; and not having presented it to her as required by the statute, the right to recover against her as administratrix is barred by the statute of nonclaim, and no recovery could be had as against the estate; and likewise the plaintiffs' right to relief as against her as an individual would be barred. She also pleads that plaintiffs' action against her as administratrix became and was res judicata in the original action, when the court denied the plaintiffs' claim of right to a judgment against her as administratrix at the time judgment was originally entered in favor of plaintiffs and against Binkley, and

this would likewise preclude a recovery against her as an individual. This answering defendant admitted that the farm mentioned in the petition was deeded to her and J. F. Binkley, but denies that it was paid for with partnership funds, and denies that the said farm was partnership property of Binkley & Treese. She admits that she and Binkley conveyed the property and that she received the sum of $1,210 for a half interest, but alleges that she has applied the money in paying debts of hers and of the estate, and had none of it at the time the suit was filed. She states some other matters, but it is not necessary to consider such matters here. Defendant Binkley also filed answer, but since he does not complain of the action of the trial court, it is not necessary to set out the substance of his answer.

A trial was had to the court without a jury, resulting in a judgment in favor of defendant Rosalie Treese, administratrix of the estate of A. L. Treese, deceased, denying the plaintiffs' right to recover a judgment against the estate. Judgment was entered in favor of the plaintiffs and against J. F. Binkley for the amount claimed in the plaintiffs' petition. The judgment of the trial court was not appealed from in these matters, and has become final. The trial court rendered judgment in favor of the plaintiffs and against Rosalie Treese as an individual for the sum of $1.210. the amount she was paid for her interest in the farm land. From this part of the judgment she prosecutes appeal in her individual capacity, as plaintiff in error, against plaintiffs and J. F. Binkley, as defendants in error. She presents for reversal that the judgment is not sustained by the evidence, and is contrary to law.

There seems to be little or no dispute about the facts. The whole argument arises as to the application of the law to the admitted facts. Binkley & Treese gave their check to Horany Brothers for $1,000. and afterwards caused it to be turned down. Plaintiffs sued Binkley & Treese in the district court, and judgment was rendered in favor of the defendants, and plaintiffs appealed. While the action was pending, Binkley & Treese sold their alleged partnership show property and bought a farm. and the title was taken in the name of Binkley and Rosalie Treese. She was the wife of A. L. Treese. While the suit was pending in the Supreme Court, and on the 4th day of November. 1922, A. L. Treese died. On the 4th of December. 1922. Rosalie Treese was appointed administratrix of the estate

of A. L. Treese, deceased, and on the 7th of December, 1922, she published notice to creditors. In apt time the cause was revived, both here and in the trial court, against Rosalie Treese as administratrix of the estate of A. L. Treese, deceased. Plaintiffs did not present their claim against A. L. Treese upon the check, to the administratrix within the four months' period fixed by statute. The cause was decided in the Supreme Court on the 15th day of May, 1923. The mandate was issued on the 9th day of August, 1923, and was spread of record in the trial court on the 7th of September, 1923, and on the 8th of September, 1923, the trial court sustained the plaintiffs' motion for judgment against J. F. Binkley for the amount of the check and interest and costs, but denied the plaintiffs' motion for judgment against Rosalie Treese, administratrix of the estate of A. L. Treese, deceased. This judgment became final. On the 18th of September, 1923, the plaintiffs caused execution to issue against J. F. Binkley, and on the same day a nulla bona return was made thereon. On the 19th day of November, 1921, Treese and his wife, and Binkley and his wife, deeded the show house property in the town of Cushing to George Harlow for a consideration expressed in the deed of $24,000, subject to a $10,000 mortgage. On the same day George Harlow and Lulu Harlow, his wife, and Floyd L. Griffeth and Eva M. Griffeth, his wife, conveyed to J. F. Binkley and Rosalie Treese the farm property referred to in the pleadings. On the 3rd day of December, 1921, Binkley and wife and Treese and wife executed a mortgage on the farm land in favor of Mary E. Hall for $5,000. On the 8th day of June, 1923, Binkley and wife and Rosalie Treese deeded the farm to L. D. Gaunt for $2,420, subject to the Hall mortgage of $5,000. Rosalie Treese testified that she received $1,210 as and for her part of the purchase money of the farm, and the remaining $1,210 she collected from Binkley as payment upon a note owing by him, and the money was paid by her upon debts of the estate, leaving no part of it in her hands at the time of the trial. This testimony was in no way disputed.

The above seem to be the undisputed facts. The question then is. Do the undisputed facts entitle plaintiffs to a personal judgment against Rosalie Treese, such as was rendered, when upon the same facts the court rendered judgment against plaintiffs, denying them a right to recover against Rosalie Treese as administratrix of the estate of A. L. Treese, deceased? The judgment in favor of Rosalie Treese, administratrix of the

estate of A. L. Treese, deceased, is unappealed from and final. It is certain from this record that there was no primary liability or contractual liability between the plaintiffs and Rosalie Treese.

This proceeding partakes of the nature of the common-law action known and usually referred to as "creditors' bill" or "creditors' suit," and sometimes also referred to as "bill of discovery." But, whether creditors' bill, creditors' suit, or bill of discovery, it seems that whether or not the defendant Rosalie Treese should be personally liable to the plaintiffs for the claim they asserted against A. L. Treese, or against his estate, must primarily depend upon the personal liability of Treese, or the liability of his estate to plaintiffs upon their claim. There seems to be no doubt that if A. L. Treese had survived, as did J. F. Binkley, plaintiffs would have been entitled to a personal judgment against him, jointly and severally along with judgment against Binkley. Then, if neither could be made to respond to an execution, a bill of discovery, or creditors' bill, or proceeding in aid of execution, would lie against any one in whose hands the plaintiffs could find money or property belonging to Treese or Binkley or both. So long as Treese survived the suit was an action in personam against both; and they were both jointly and severally liable on the plaintiffs' claim, and before a creditors' bill, bill of discovery, or bill in aid of execution would lie, the legal remedy against them must be exhausted. When Treese died the nature of the action was changed as to him. Plaintiffs still had a right to pursue their action in personam against the surviving partner, J. F. Binkley, but such action was changed as to A. L. Treese. Their legal action for money judgment against him ended upon his death, regardless of the fact that a revivor was had against the administratrix of his estate. From the date of his death, the plaintiffs were remitted to the statutory remedy of converting their claim into a judgment against the estate. If Binkley and Treese had been partners before and up to the time of the death of Treese, the partnership was dissolved at the time of his death; but the plaintiffs still had the right to pursue their claim against the estate of A. L. Treese. So far as the evidence here goes to show, the first presentation of plaintiffs' claim to the administratrix of the estate of A. L. Treese was contained in the plaintiffs' petition in the instant case, when they sued her as an individual and as administratrix; and it seems that the trial court must have concluded that the plaintiffs' claim against the

estate of A. L. Treese, deceased, was barred by the statute of nonclaim at the time he denied the plaintiffs' right to recover against the administratrix.

Section 1232, Comp. St. 1921, provides for notice to creditors, and section 1234, Comp. St. 1921, provides that claims are barred if not presented within the time fixed in the notice:

"All claims arising upon contracts hereafter made, whether the same be due, not due or contingent, must be presented within the time limited in the notice; and any claim not so presented is barred forever."

At the death of A. L. Treese and appointment of the administratrix of his estate, the plaintiffs must proceed under these statutes to fix their claim against this estate. They could no longer prosecute the action then existing. It, as an action in personam, had abated, ended. By section 1244, Comp. St. 1921, it is expressly provided that if an action is pending against the deceased at the time of his death, "the plaintiff must in like manner present his claim to the executor or administrator for allowance or rejection, authenticated as required in other cases; and no recovery shall be had in the action unless proof be made of the presentation required."

No such action was taken against the administratrix upon the claim. It is evident that was the reason the trial court denied the plaintiffs' motion for judgment against the administratrix when he entered judgment against J. F. Binkley in the original suit. At least, it is a good and sufficient reason for denying the motion for judgment against the administratrix.

In Coleman v. Bowles, 72 Okla. 313, 181 Pac. 304, this court held the presentation was necessary except where the administratrix filed a pleading, in effect waiving presentation by asking for affirmative relief. In this case the cause had been revived against the administratrix. The name of the administratrix as such had been substituted for A. L. Treese, but she had filed no pleading.

In Walker Drilling Company v. Carlew Drilling Contractors, 109 Okla. 7, 234 Pac. 598, this court held that where a suit was pending against a partnership, the death of one of the partners operates to dissolve the partnership, and revivor against the administrator was not sufficient to justify a judgment against such administrator unless by supplemental petition it was alleged that the claim had been presented to the administrator as required by the statute.

But, whether the plaintiffs had completely failed in making out a case against the estate of A. L. Treese or not, the trial court entered a judgment denying the plaintiffs' right to recover against the estate of A. L. Treese, deceased, and the judgment is final and binding. It seems that the courts have for time out of mind recognized creditors' suits, or bills, or bills of discovery, as a means of reaching money or property, which the plaintiffs presenting the bill have a right to have applied to the satisfaction of their claims against their debtor; but the general rule is that a court of equity will require the complaining party to exhaust his legal remedy against his debtor before he may seek equitable relief in this species of action. The general rule is stated in First National Bank v. Manassa, 80 Ore. 53, 150 Pac. 258, in substance as follows: As a general rule, if there is neither a lien by attachment nor a judgment in the action at law at the time of the commencement of the creditors' suit, it cannot be maintained. The court said:

"Having failed to establish a lien by attachment, the plaintiff is not entitled to relief in the suit unless it appears that a judgment was rendered in the action at law."

The general rule, as applied to the facts here presented, requires that the plaintiffs prosecute their claim against the estate of A. L. Treese, deceased, to a conclusion in its favor, and then let it be determined whether or not there is money belonging to the estate out of which the claim may be satisfied, and if not, then the bill can be maintained against Rosalie Treese as an individual to make her surrender money or property belonging to the estate which she has not accounted for to the estate, and which should be applied upon the unsatisfied claim. So far as we are advised, no court has ever upheld a creditors' bill or suit, or a bill of discovery, in a case where the plaintiffs presenting the bill have absolutely failed to establish their claim against the original debtor. The judgment in favor of the administratrix of the estate of A. L. Treese, deceased, bars plaintiffs' recovery out of the estate of A. L. Treese, and the claim made in their bill against Rosalie Treese as an individual must, therefore, fall. In Indian Land & Trust Co. v. Owen, 63 Okla. 127, 162 Pac. 818, the plaintiff was permitted to maintain the bill, he having first exhausted his legal remedy against his debtor. In Carey v. Winslow, 30 Okla. 780, 122 Pac. 174, the plaintiff was permitted to maintain the bill after having exhausted his legal remedy against his debtor. Other cases supporting the views herein expressed are:

Drahos v. Kopesky, 132 Iowa, 497, 109 N. W. 1021; Hunter v. Mathewson, 149 Mo. App. 601, 129 S. W. 749; Holmes v. Webster, 98 Neb. 105, 152 N. W. 312; Union Credit Ass'n v. Corson, 77 Ore. 361, 149 Pac. 318; Robison v. Gumaer, 43 Colo. 310, 95 Pac. 935.

When the trial court rendered judgment in favor of Rosalie Treese, administratrix of the estate of A. L. Treese, deceased, and against plaintiffs, their claim against the estate was extinct, and it having become final, is a complete bar to a recovery against Rosalie Treese as an individual under the facts in this case.

There is no theory on which the action can be maintained as against Rosalie Treese as an individual. The judgment of the trial court is, therefore, reversed, and the cause remanded to the district court of Payne county, with directions to set aside the judgment, and dismiss the plaintiffs' petition.

By the Court: It is so ordered.

Note.—See under (1) 15 C. J. p. 1388 § 16. (2) 4 C. J. p. 1164 §§ 3181, 3181 (Anno).