**HAPKE v. SCHAFER-DOOLIN MORTGAGE CO. et al.**

No. 12544—Opinion Filed Nov. 27, 1923.

Rehearing Denied Feb. 19, 1924.

Second Petition for Rehearing Denied June 20, 1924.

**Wills — Construction — Bequest of Mortgaged Realty — Debt Payable by Whom.**

Where a man makes a will disposing of his property to his children, and makes a special bequest to his oldest daughter, who is unmarried, his homestead consisting of two lots, dwelling house and out buildings, and also the household and kitchen furniture; and at the time of his death there was

a mortgage debt of testator secured by a mortgage on the lots and improvements of $750, and the testator provides in his will that his executor shall sell all of his personal property and real estate not bequeathed to his daughter and out of the fund thus created shall pay first of all his debts and funeral expenses, and divide the remainder of said fund among all his children, share and share alike, except his oldest, who had been provided for by said specific bequest, held, that the mortgage debt against the bequest to his daughter was a debt of the testator at the time of his death and should be paid by the executor out of the fund created from the sale of the personal estate and the other real estate.

(Syllabus by Maxey, C.)

Commissioners' Opinion, Division No. 1.

Error from District Court, Woods County; Arthur G. Sutton, Judge.

Action by the Schaefer-Doolin Mortgage Company against Henry B. Hapke, executor of estate of Henry F. Hapke et al. to foreclose a mortgage on certain real estate situated in the City of Alva: Cross-petition by Minnie C. Hapke. Judgment for plaintiff, and Minnie C. Hapke appeals.

Gus Hadwiger, E. W. Snoddy, and J. P. Grove, Sr., for plaintiff in error.

A. J. Stevens, for defendants in error.

Opinion by MAXEY, C. The facts necessary to an understanding of the case are as follows: On the 30th day of December, 1911, Henry F. Hapke purchased from R. M. Stone and E. C. Stone lots 11 and 12 in block 57 in the city of Alva for the sum of $2,750. Hapke made a cash payment of $2,000 on the purchase price of said property and assumed a mortgage indebtedness against said property of $750, which he agreed to pay as a part of the purchase price of said premises. The mortgage indebtedness was due on the 1st day of July, 1914, but prior to that date Hapke entered into an obligation in writing with Fred Wamhoff, the holder and owner of the note and mortgage, whereby Hapke obligated himself to the said mortgagee to pay him the sum evidenced by said note and secured by said mortgage together with all interest thereon on, or before, the 1st day of July, 1917, in consideration of an extension of time of payment of said debt, that on the 25th day of June, 1917, the said Hapke secured another extension of said indebtedness to July 1, 1920.

On the 1st day of November, 1913, said Henry F. Hapke made and executed his last will and testament: that at the time of the execution of his will, Henry F. Hapke was about 61 years of age, and was the father of six living children and one grandchild, the issue of a daughter deceased, all of whom, except the granddaughter, Mina Sawyer, had arrived at majority, and had been married several years and had homes of their own; that Minnie C. Hapke, plaintiff in error, was the oldest child of the testator, unmarried, and about 44 years of age, and had been the housekeeper of her father, who was a widower, and a mother to the younger children, above named, for a number of years prior to the date of the execution of the will of December 1, 1913. At the time of the execution of said will and at the time of his death six years later, the testator was the owner in fee of a valuable farm situated one mile west of the city of Alva and of considerable personal property and also lots 11 and 12, block 57, Alva, Okla. The will provided for the sale of the farm property or any other real property of which he might die seized except lots 11 and 12, block 57, Alva, Okla., which he willed to the plaintiff in error, Minnie C. Hapke, by a specific devise. The will provided for the sale of all personal property within two years after his death, or at such time as the heirs interested might consent to such sale, and that out of the proceeds of such sale, they would pay first his just debts and funeral expenses, the remainder of the proceeds of such sale to be divided equally between the above named children and grandchild, except Minnie C. Hapke, to whom he had willed lots 11 and 12, block 57, in Alva, Okla. Henry F. Hapke died on the 16th day of July, 1919, and his will was duly probated in Woods county, Okla., and letters testamentary issued to Henry B. Hapke, executor named in the will; the $750 indebtedness, with accumulated interest, became due and payable on the 1st day of July, 1920, and the Schaeffer-Doolin Mortgage Company, the owner of the note and mortgage, brought an action in the district court of Woods county, Okla., for the foreclosure of said mortgage against Henry B. Hapke, as executor of the estate of Henry F. Hapke, deceased, and one of the heirs of said decedent, above named; the plaintiff in error, Minnie C. Hapke, filed a cross-petition to said action and later filed her amended answer and cross-petition, and the other defendants demurred to the amended answer and cross-petition of Minnie C. Hapke, then one of the defendants, and set up, among other things, the purchase of lots 11 and 12, block 57, in Alva from Stone and the assuming of the $750 mortgage on said property and the acquiring said property by will of her father and the probating of said will and the appointment of Henry B. Hapke, executor, and made the will an exhibit to her cross-petition, and alleged that

Henry B. Hapke had adequate funds in his hands, as such executor, to pay all claims and debts against said estate including the $750 note that the deceased had assumed. She alleged that said will in which said mortgaged property was willed to her was a specific bequest, and that the mortgage debt should be paid out of the funds in the hands of the executor, and prayed that the court construe the will, and that judgment be rendered in favor of the plaintiff and against the defendant, Henry B. Hapke, as executor of the estate of Henry F. Hapke, deceased, and that he be ordered and directed to pay said judgment to the plaintiff out of the money in his hands, as such executor, and belonging to the estate of said deceased: and that the debt against the cross-petitioner's property be canceled and her property freed of said lien. The defendants to said cross-petition demurred to this cross-petition on the grounds: First, that the answer and cross-petition does not state facts sufficient to constitute a cause of action in favor of Minnie C. Hapke and against the estate of Henry F. Hapke: second, that the court has no jurisdiction over the subject-matter of the action as set forth in said cross-petition; and, third, that the court has no jurisdiction over the person of the defendant Henry B. Hapke, executor of the estate of Henry F. Hapke, and the other defendants named in said cross-petition. This demurrer was sustained by the trial court, and judgment rendered against Minnie C. Hapke for $790.40, $79 attorneys fee, and for foreclosure of the mortgage lien upon said lots and for costs. The plaintiff in the cross-petition, Minnie C. Hapke, appealed from the judgment of the trial court, sustaining the demurrer to her cross-petition and made the plaintiffs in the suit below, Schaefer-Doolin Mortgage Company and Henry B. Hapke, executor, and the other heirs defendants in error, and has assigned four specifications of error:

"1. It is the contention of plaintiff in error, that the trial court erred in sustaining the demurrer of the defendants, Henry B. Hapke, executor of the estate of Henry F. Hapke, deceased, Calla H. Holtgreve, Thea Aldrich, Allie Donmyer, Henry B. Hapke, Inez Hess, and Mina Sawyer, to the amended answer and cross-petition of Minnie C. Hapke, this plaintiff in error.

"2. That the trial court erred in not rendering judgment for the plaintiff in error and in not directing that the debt sued upon and for, be paid out of the estate of Henry F. Hapke, deceased, and by the defendants, Calla H. Holtgreve, Thea Aldrich, Allie Donmyer, Henry B. Hapke, Inez Hess, and Mina Sawyer.

"3. That the trial court erred in render-ing judgment against the plaintiff in error, Minnie C. Hapke.

"4. That the trial court erred in not rendering judgment for the plaintiff in error on the pleadings."

In support of the errors assigned, counsel for plaintiff in error has cited section 11200, Comp. Stat. 1921, which provides as follows:

"A legacy of a particular thing, specified and distinguished from all others of the same kind belonging to the testator, is specific; if such legacy fails, resort cannot be had to the other property of the testator'

—and contends that the two lots and the dwelling situated thereon devised to the plaintiff in error was a specific bequest under the statutes, and that specific bequests are not liable for debts which are liens on lands, so bequeathed, without such intention appears in the will. Counsel also calls attention to section 11202, Comp. Stat. 1921, which reads as follows:

"The property of a testator, except as otherwise especially provided in this Code (chapter) and in the chapter in Civil Procedure must be resorted to for the payment of debts in the following order: First: The property which is expressly appropriated by the will for the payment of debts, Second: Property not disposed of by the will. Third: Property which is devised or bequeathed to a residuary legatee. Fourth: Property which is not specifically devised or bequeathed, and, Fifth: All other property ratably," etc.

Section 7636, Compiled Laws 1921, reads as follows:

"Mortgage follows the property. When real property, subject to a mortgage, passes by succession or will, the successor or devisee must satisfy the mortgage out of his own property without resorting to the executor or administrator of the mortgagor. Unless there is an express direction in the will of the mortgagor that the mortgage shall be otherwise paid."

Enough has been said to show that the debt secured by said mortgage became the debt of Henry F. Hapke at the time he purchased the property from Stone, as he assumed the payment of it, and it was deducted from the consideration he was to pay Stone, so there can be no question that it was Henry F. Hapke's debt at the time of his death. Now under the section of the statutes, last above quoted, Minnie C. Hapke, plaintiff in error, and devisee of the property covered by said mortgage, would have to satisfy this mortgage out of her own property unless there is a special direction in the will that the mortgage should be otherwise paid, and this is what we deem

tne turning point in the case, and we will copy the third paragraph of the will so that we will have it before us:

"I direct that the rest, residue and remainder of my personal property be sold at public auction or private sale as my executor may deem best, and that the southwest quarter of section twenty-two, township twenty-seven north, range fourteen west of the Indian Meridian, and all the rest, residue and remainder' of my real property wherever situated be sold within a period of two years after my death, or at any time my heirs who are interested in such sale may consent thereto, and that out of the proceeds of such sale, there be paid first: my just debts and funeral expenses, and second that the remainder of the proceeds of such sale be divided equally, share and share alike, among my daughters, Calla Hapke, now Holtgreve, Thea Hapke, now Aldrich, Allie Hapke, now Donmyer, my granddaughter Mina Sawyer, issue of my deceased daughter, Millie Hapke, Inez Hapke, now Hess, and my son, Henry B. Hapke."

It will be observed that the testator provides for the creating of a fund out of which his debts are to be paid and the first direction of how this fund shall be paid out is: "First, my just debts and funeral expenses." Now it is clear to us that it was the intention of the testator that his property not disposed of by special bequest should be converted into money, and that the first thing paid out of this fund should be the testator's debts, one of which was this mortgage debt due the plaintiff in this suit.

It will be noticed from the paragraph of the will, above quoted, that the testator provided for the sale of all of his personal property and of certain real estate described in said paragraph, and after the payment of his debts the residue should be equally divided share and share alike among these daughters, Calla Hapke, now Holtgreve; Thea Hapke, now Aldrich; Allie Hapke, now Donmyer; and his granddaughter Mina Sawyer; Inez Hapke, now Hess, and the son, Henry B. Hapke. The plaintiff in error, Minnie C. Hapke, does not receive any part of the fund created by the sale of the personal property and of the real estate directed to be sold. This was, undoubtedly, done because she had received a specific legacy of the two lots and the house and the household and kitchen furniture. But it is clear to our mind that it was the intention of the testator that this mortgage debt should be paid out of the fund created under the will, and that it was the duty of the executor to have satisfied this mortgage out of that fund. The plaintiff in error, Minnie C. Hapke, filed her cross-petition and set up her rights and asked that the

executor be directed to pay this mortgage debt out of the funds created under the will, and in our judgment, the trial court erred in sustaining the demurrer to her cross-complaint. The plaintiff in this suit had a right to foreclose its mortgage, if necessary, to enforce payment of the debt secured thereby. But it was immaterial to this mortgagee where the money came from to satisfy the debt, and the court had the matter before it by this cross-petition, and having jurisdiction and it being an equitable action, it should have settled all matters between the parties and avoided further litigation.

If the plaintiff in error, Minnie C. Hapke, has been compelled to pay this mortgage debt to protect the property bequeathed to her, the court should enter judgment on her cross-petition against the executor and order her to be reimbursed for this debt out of the funds created from the sale of the property directed to be sold by the testator. If on the other hand, the mortgage debt has not yet been paid to the plaintiff, the court should direct the executor to pay it off out of the fund in his hand, created under the will. Entertaining these views, we hold that the mortgage debt was a debt of the deceased Henry F. Hapke, and that the same should be paid out of the fund directed by said decedent to be created for that purpose, and that the executor should pay the cost of this proceeding. It is, therefore, recommended that the judgment of the trial court sustaining a demurrer to the cross-petition of plaintiff in error be reversed and set aside and the case proceeded with in accordance with this opinion, and that the executor pay the costs of this proceeding.

By the Court: It is so ordered.