## In re CARDIN.
## CARDIN v. FARMERS NAT. BANK.

No. 18357.   Opinion Filed Sept. 25, 1928.

(Syllabus.)

1. **Executors and Administrators—Claims Against Estate Barred When not Presented Within Time Prescribed in Statutory Notice to Creditors.**

By the provisions of section 1234, C. O. S. 1921, a claim against an estate arising upon contract and not presented within the time limited in the notice to creditors as provided by section 1232, C. O. S. 1921, is barred forever as a claim against the estate (with exceptions enumerated).

2. **Same—Conditional Priority of Interest-Bearing Claim.**

Under the provisions of section 1255, C. O. S. 1921, payment of an interest-bearing claim against the estate, not presented as required by statute, is justified only "when there are sufficient funds properly applicable thereto."

Error from District Court, Payne County; Charles C. Smith, Judge.

In the matter of the estate of J. R. Cardin, deceased. From a judgment of the district court, on appeal from the county court by the Farmers National Bank, reversing and vacating an order of the county court allowing a claim against an estate of one who held a mortgage against the homestead, but who had not filed claim against the estate within time specified by statute, the administratrix, Allie Cardin, appeals. Affirmed.

Taylor & Taylor, for plaintiff in error.

J. M. Grubbs and Wilcox & Swank, for defendant in error.

RILEY, J.  Ollie Cardin, administratrix

of the estate of J. R. Cardin, deceased, prosecutes this appeal from judgment in the district court. The Farmers National Bank of Cushing is appellee; it was a general creditor of the estate of Cardin; it appealed to the district court below from an order of the county court of Payne county, which order allowed a claim of P. T. O'Herin against the estate of Cardin.

J. R. Cardin died in 1922, leaving an estate consisting of a number of farms and a residence in the city of Cushing. Deceased was heavily in debt. O'Herin held a mortgage on the homestead in Cushing in the approximate sum of $4,000. The creditor bank's indebtedness was evidenced by notes unsecured. The creditor bank presented its claims in due time, and they were allowed by the administrator, and allowance made and approved by the county court. O'Herin did not present his claim to the administratrix within the four-month time allowed by statute, but apparently was satisfied with his security. Long after the expiration of the statutory time for presentment of claims against the estate, and on March 8, 1926, the administratrix got O'Herin to sign a claim for the amount he held against the homestead and secured from him a release of the mortgage thereon. There were insufficient funds in the hands of the administratrix at the time the O'Herin mortgage claim was paid to pay both the O'Herin claim and other legitimate charges against the estate, and for that reason the creditor bank, with an indebtedness claimed in the amount of about $3,600, objected to the order allowing the O'Herin claim, and appealed to the district court, where the judgment rendered in effect reversed the order of the county court, from which judgment of the district court the administratrix prosecutes this proceeding.

Some steps in this probate proceeding are: Notice to creditors was published March 9 and 10, 1922; creditor bank filed four claims in April, 1922, which were allowed May 12, 1922, and approved by the court; decree barring claims entered December 10, 1924.

At the time of the trial de novo in the district court, there was due the creditor bank practically $3,700—two small claims had been paid.

On March 9, 1926, O'Herin's claim was allowed by the administrator in the sum of $3,305.01, and approved by the county court, and the administratrix presented to the county court her application for order to pay the claim, which order was entered.

From the administratrix's report of March 15, 1926, filed in compliance with the order to pay claims of March 9, 1926, it appears that on March 9, 1926, the administratrix paid out $6,721, and at that time she had in her hands $7,540, which represented proceeds of the sale of real estate, and all property real and personal except the homestead had been/ sold. (C.-M. p. 45) At the time of the trial in the district court there were assets in the hands of the administratrix in the sum of less than $600. (C.-M. pp. 35-46.)

The creditor bank contends that the O'Herin claim was not properly payable as a claim against the estate, for the reason that the claim was not presented, allowed, and approved until after the four-months time specified by statute for the presentment of claims after notice to creditors, while the administratrix urges that she had a right to pay the O'Herin claim as an interest-bearing claim under the provisions of section 1255, C. O. S. 1921, and especially in order to save the homestead from foreclosure of the O'Herin mortgage.

From our review of the record, we are convinced that adequate funds did not exist in the hands of the administratrix to pay both the claim of O'Herin and the creditor bank, and that the bank's claim was a prior and superior claim to that of O'Herin as against the estate under the provisions of sections 1343 and 1344, C. O. S. 1921, which read as follows:

Section 1343: "The debts of the estate must be paid in the following order:

"First: Funeral expenses.

"Second: The expense of the last sickness.

"Third: Funds necessary for the support of the family for 90 days.

"Fourth: Taxes to the United States or the state, county or city.

"Fifth: Debts having preference under the laws of the United States and of this state.

"Sixth: Judgments rendered against the decedent in his lifetime, which are liens upon his property and mortgages in the order of their date.

"Seventh: Demands or claims which are presented to the administrator for an allowance or proved within six months after notice of his appointment.

"Eighth: All other demands against the estate."

Section 1344: "The preference given in the preceding section to a mortgage only extends to the proceeds of the property mortgaged. If the proceeds of such property be insufficient to pay the mortgage, the part remaining unsatisfied must be classed with other demands against the estate."

The creditor bank's contention is based upon section 1234, C. O. S. 1921, which reads as follows:

"If a claim arising upon a contract heretofore made be not presented within the time limited in the notice, it is barred forever, except as follows: If it be not then due or if it be contingent, it may be presented within one month after it becomes due or absolute; if it be made to appear by the affidavit of the claimant, to the satisfaction of the executor or administrator and the judge of the county court, that the claimant had no notice as provided in this article, by reason of being out of the state, it may be presented at any time before a decree of distribution is entered; a claim for a deficiency remaining unpaid after a sale of property of the estate mortgaged or pledged must be presented within one month after such deficiency is ascertained. All claims arising upon contracts hereafter made, whether the same be due, not due or contingent, must be presented within the time limited in the notice; and any claim not so presented is barred forever: Provided, however, that when it is made to appear, by the affidavit of the claimant, as above provided, that he had no notice by reason of being out of the state, it may be presented as therein provided; provided, further, that nothing in this section. nor in this chapter contained shall be construed to prohibit the right or limit the time of foreclosure of mortgages upon real property of decedents, but every such mortgage may be foreclosed within the time and in the mode prescribed in civil procedure, except that no balance of the debt secured by such mortgage remaining unpaid after foreclosure shall be a claim against the estate, unless such debt was presented as required by this Code."

And in section 1241, C. O. S. 1921.:

"No claim must be allowed by the executor or administrator, or by the judge, which is barred by the statute of limitation. When a claim is presented to the judge for his allowance, he may, in his discretion, examine the claimant and others on oath, and hear any legal evidence touching the validity of the claim."

While the administratrix relies upon section 1255, C. O. S. 1921:

"If there be any debt of the decedent bearing interest, whether presented or not, the executor or administrator may, by order of the court, pay the amount then accumulated, and unpaid, or any part thereof, at

any time when there are sufficient funds properly applicable thereto, whether said claim be then due or not; and interest shall thereupon cease to accrue upon the amount so paid."

We may well note the provisions of section 1345, C. O. S. 1921, as to method of payment:

"If the estate be insufficient to pay all the debts of any one class, each creditor must be paid a dividend in proportion to his claim; and no creditor of any class shall receive any payment until all those of the preceding class are fully paid."

The provisions of each section of the statute quoted and relating to priority and allowance of claims against an estate are plain and simple. The only dispute herein arising is as to section 1255, supra, and contention as to that section must disappear when the same is construed in the light of the other sections.

While under section 1234 (1241), supra, all claims which have not been presented and allowed within the time specified are barred forever (with exceptions enumerated), yet under the provisions of section 1255, supra, there is provided another exception, but with limitations. Under it the executor or administrator, by order of court, in the event of existence of interest-bearing debts of the estate, even though they be not presented by claim, may pay the amount accumulated **"when there are sufficient funds properly applicable thereto."**

Herein there were not sufficient funds properly applicable thereto, for the reason that the O'Herin claim was not filed with the administratrix in the time allowed by law in order that it take rank with the claim of the creditor bank against the estate, and funds are not applicable to the payment of a claim out of its order fixed by sections 1343 and 1345, supra.

"Neither the administrator nor the county judge has power to change the order in which debts are directed to be paid." Tompkins v. Weeks, 25 Colo. 50; In re Knight's Estate (Cal.) 73 Am. Dec. 531.

Before the O'Herin claim could have properly been paid out of the estate funds, under subdivision 8 of section 1343, supra, it would be necessary that the estate be solvent and that claims of prior standing be discharged. In other words, the creditor bank's claim fell into the seventh class under section 1343. The O'Herin claim, not being filed in time, fell into class 8 thereof. The O'Herin claim was "ranked" in right

of priority of payment. It follows that the judgment of the district court is correct, and the same is affirmed. Williams v. Jackson, 72 Okla. 141, 179 Pac. 603; Anderson v. Anderson, 67 Okla. 61, 165 Pac. 145; Bilby v. Hart-Parr Co., 102 Okla. 53, 266 Pac. 361; Miller v. Bradburn's Estate, 106 Okla. 234, 233 Pac. 736; Walker Drilling Co. v. Carlew Drilling Co., 109 Okla. 7, 234 Pac. 598.

The case of Frend's Estate (Cal.) 63 Pac. 1080, cited by appellant, is not applicable to the facts here presented. Therein it was said: "No one, therefore, so far as his interest in the estate is concerned, can be injured or aggrieved by the order." While herein the estate was not sufficiently solvent to pay all classes of claimants.

BRANSON, C. J., MASON, V. C. J., and PHELPS, LESTER, HUNT, CLARK, and HEFNER, JJ., concur.

*Note.—See under (1) 24 C. J. p. 363, §1020; 11 R. C. L. pp. 192; 212. (2) 24 C. J. p. 370, §1034.