In the Matter of the Estate of ERNEST J. McLAREN, Deceased.
Surrogate's Court, Erie County, October 18, 1939.

*Jerome D. Van De Water*, for Norma M. Eschborn, as administratrix, etc.

*McNulty & Schwert* [*Robert McNulty* of counsel], for Ernest A. McLaren, one of the distributees.

MONTESANO, S.   Ernest J. McLaren died intestate in the city of Buffalo, N. Y., on July 19, 1938, leaving him surviving three sisters and a nephew, Ernest A. McLaren, the only child of Thomas McLaren, a brother, who predeceased the intestate.   A petition for the judicial settlement of her accounts has been filed by the administratrix.

It appears that on or about October 16, 1934, the intestate loaned to his brother, Thomas J. McLaren, the sum of $2,000 for the purpose of acquiring and improving a gasoline station at Niagara River road and Huetter avenue in the town of Tonawanda.   Sometime later a bond and mortgage were executed by Thomas J. McLaren and Myrtle McLaren, his wife, and delivered to the intestate to secure the loan of $2,000.   This, under an arrangement, was subordinated to two other mortgages and became a third mortgage. No payments were ever made on the principal or interest and the amount due is $2,500.

Thomas J. McLaren died practically insolvent and there is little likelihood that the estate will ever be able to collect the debt due it from him either by a foreclosure action or by suit on the bond. The foreclosure of the first mortgage has already been commenced. The administratrix seeks to set off and retain from the distributive share of Ernest A. McLaren, a nephew, the amount of the principal and interest on the due mortgage debt, and the question arises as to whether the administratrix has the right to set off or retain from the distributive share of the nephew of the intestate the debt owed by his father to the estate.

While this court is inclined to believe that the nephew takes in his own right and not by representation, nevertheless this not being the ordinary case of a debt due to the testator, such as for money loaned for which a note or other evidence of debt has been given, it is not necessary to discuss this theory of the law.   There appears to be no authorities in the State of New York on this question. There are cases holding both ways in various States throughout the United States.

It must be conceded that the mortgaged premises are primarily liable for the payment of the debt and, therefore, the heir at law and distributee of the deceased mortgagor is liable for the mortgage debt only to the extent of his interest in the real property descended to

him from the mortgagor. (*Olmstead* v. *Latimer*, 158 N. Y. 313, 317; Real Prop. Law, § 250; *Buckley* v. *Beaver*, 99 Misc. 643; Dec. Est. Law, § 176.)

It must also be conceded that the claim of the estate held against Thomas McLaren is a contingent one. Until a deficiency judgment is established, the claim based on the mortgage debt is at most a contingent one and resort must first be had to the lands covered by the mortgage. (*Matter of Perkins*, 122 Misc. 593; *Johnson* v. *Corbett*, 11 Paige, 265.)

Section 207 of the Surrogate's Court Act provides a method by which a contingent claim on an outstanding bond can be protected. No action under this section was taken by the mortgagee against the estate of Thomas McLaren.

Since a deficiency judgment cannot be taken against the heir of a deceased mortgagor (*Hauselt* v. *Patterson*, 124 N. Y. 349), it would appear that neither can a contingent claim on the bond be enforced against him. This being true, no set off against the distributive share of the nephew to apply on the mortgage debt can be allowed.