In re CUMMINGS' ESTATE.
BIBY et al. v. CUMMINGS.

No. 31634.   Dec. 4, 1945.

Rehearing Denied Jan. 22, 1946.

165 P. 2d 140.

Harry C. Kirkendall, of Enid, 'for plaintiffs in error.

Simons, McKnight, Simons, Mitchell & McKnight, of Enid, for defendant in error.

DAVISON, J. The facts of this case are undisputed and may be briefly stated. Addie Cummings died intestate at Enid, Okla., on November 13, 1940. She left surviving her husband, J. A. Cummings; Ina Gardner Biby, a daughter; Leona Cummings, a daughter; and Everett Gardner, a son.

Deceased owned a residence property in the city of Enid, in addition to two quarter-sections of land in Logan county. The residence property was occupied as a home. In May, 1939, the deceased and her husband executed a note for $2,500 to the Security National Bank of Enid, secured by a real estate mortgage on the property occupied as a homestead. At a later date another note, for $500, was executed and a second mortgage was given upon the same realty.

Upon the institution of administration proceedings the Security National Bank filed its claim on the two notes, with mortgage attached. This claim was allowed by the administrator and approved by the county judge.

During the administration there was a sale by authority of the court of the land in Logan county and of the personal property of the estate. The funds in possession of the administrator amounted to approximately $6,460.

An application was made by the surviving husband to have the encumbered residence property set aside as his probate homestead.

Upon application of the administrator to pay claims objection was lodged by the children heirs to the payment of the claim of the Security National Bank. An order was made directing that the bank's claim, secured by the real estate mortgages, be paid out of the general assets of the estate. Appeal from such order was taken to the district court of Garfield county, which upheld payment of the claim. Appeal to this court followed.

The only issue to be decided is: Can the probate court order an administrator, over proper objection by the heirs, to use funds derived from the sale of unencumbered property to pay an indebtedness against mortgaged property of the estate, said mortgaged property being the homestead of the surviving spouse, without the remedies under the mortgage having first been exhausted?

Plaintiffs in error direct our attention to 46 O. S. 1941 § 5, and assert that by reason thereof, as applied to this case, the successor takes the property subject to the mortgage and cannot rely upon the administrator or look to the estate for payment of the mortgage. Section 5 reads:

"When real property, subject to a mortgage, passes by succession or will,

the successor or devisee must satisfy the mortgage out of his own property, without resorting to the executor or administrator of the mortgagor, unless there is an express direction in the will of the mortgagor that the mortgage shall be otherwise paid."

This statute was considered in Hapke v. Shaefer-Doolin Mortgage Co., 100 Okla. 70, 229 P. 621, wherein deceased died testate. Henry F. Hapke, testator, made a specific devise of realty, upon which there was a mortgage, to his daughter. When foreclosure proceedings were brought against the executor of the estate, the daughter contended that in view of the above statute the executor should pay the mortgage out of funds of the estate. On appeal we upheld this contention and said:

". . . Now under the section of the statutes, last above quoted (46 O. S. 1941 § 5) Minnie C. Hapke, plaintiff in error, and devisee of the property covered by said mortgage, would have to satisfy this mortgage out of her own property, unless there is a special direction in the will that the mortgage should be otherwise paid, and this is what we deem the turning point in the case. . .

"It will be observed that the testator provides for the creating of a fund out of which his debts are to be paid. . . Now it is clear to us that it was the intention of the testator that his property not disposed of by special bequest should be converted into money, and that the first thing paid out of this fund should be the testator's debts, one of which was this mortgage debt due the plaintiff in this suit."

We are now confronted with the interpretation of the statute when deceased dies intestate and, of course, leaves no direction as to how, or from what funds, the mortgage debt shall be paid.

Defendant in error contends it was the intention in adopting said statute that the whole section was to apply only to testate cases. With this we cannot agree. If the Legislature had not intended to include intestate cases it would not have used the words "succession"

and "successor" in the statute. The language of the statute appears to be plain, clear, and unambiguous.

The State of New York has a statute (section 250, Real Property Law) which is almost identical with ours. It provides:

"Where real property, subject to a mortgage executed by any ancestor or testator, or subject to any other charge, including a lien for unpaid purchase money, descends to a distributee, or passes to a devisee, such distributee or devisee must satisfy and discharge the mortgage or other charge out of his own property, without resorting to the executor or administrator of his ancestor or testator, unless there be an express direction in the will of such testator, that such mortgage or other charge be otherwise paid."

This statute was construed in Re Horner's Estate, 149 Misc. 695, 268 N. Y. S. 74, wherein decedent died intestate and left surviving a sister, four brothers, nephews and nieces. Letters of administration were issued. No claim was ever filed by the mortgagee of certain real property owned by decedent, but some years later an application was made for a compulsory accounting. The application was denied. The above statute was invoked with the holding that the mortgaged property was primarily liable for the mortgage debt.

Other New York cases construing sec. 250, Real Property Law, supra, are: In re Fogarty's Estate, 165 Misc. 78, 300 N. Y. S. 231; In re Rogers' Estate, 142 Misc. 572, 255 N. Y. S. 745; In re Dell's Estate, 154 Misc. 216, 276 N. Y. S. 960; In re Burrows' Estate, 283 N. Y. 540, 29 N. E. 2d 77; In re McLaren's Estate, 172 Misc. 205, 14 N. Y. S. 2d 903.

Defendant in error relies upon Cardin v. Farmers' National Bank, 132 Okla. 286, 270 P. 554, wherein upon the death of one Cardin a creditor bank presented its unsecured claims in due time which were allowed by the administrator. O'Herin, mortgagee of deceased's homestead, did not present his claim but four years later the ad-

ministratrix allowed his claim, basing her authority to do so upon section 1255 C. O. S. 1921 (58 O. S. 1941 § 354). The unsecured creditor bank objected and its objection was sustained as the interest-bearing claim of the mortgagee had not been presented in due time and the estate funds were insufficient to pay all claims. Defendant in error points out though that there are sufficient funds in the Addie Cummings estate to pay all claims. However, it is significant that Cardin v. Farmers' National Bank, supra, did not take into consideration 46 O. S. 1941 § 5.

Defendant in error also calls our attention to 58 O. S. 1941 § 354, as being applicable. This section reads as follows:

"If there be any debt of the decedent bearing interest, whether presented or not, the executor or administrator may, by order of the county court, pay the amount then accumulated, and unpaid, or any part thereof, at any time when there are sufficient funds properly applicable thereto, whether said claim be then due or not; and interest shall thereupon cease to accrue upon the amount so paid."

The above-quoted statute is a general statute, while 46 O. S. 1941 § 5, supra, is a special statute. This court has repeatedly held that a special statute prevails over a general statute covering the same subject matter. Johnson v. Harris, 187 Okla. 239, 102 P. 2d 940; State ex rel. Moore v. O'Bannon, 182 Okla. 173, 77 P. 2d 70.

The trial court in rendering judgment stressed the case of In re Tucker's Estate, 160 Ore. 362, 85 P. 2d 1025. The facts of said case are similar to the one under consideration, but we refuse to follow its conclusion for the reason the decision was made in the absence of such a statute as confronts us.

In view of our legislative enactment and the act of the heirs herein to invoke its provisions, we hold the mortgagee must fashion his remedy in accordance with the terms of the statute. To allow him to rely on funds in possession of the administrator for payment of the mortgage debt, without first exhausting his remedies under the mortgage, would in effect nullify the statute.

Reversed.

HURST, V.C.J., and RILEY, OSBORN, CORN and ARNOLD, JJ., concur. BAYLESS and WELCH, JJ., dissent.