## NATIONAL SURETY CO. v. CRAIG et al.

No. 14259—Opinion Filed Sept. 25, 1923.

Rehearing Denied Dec. 4, 1923.

### 1. Supersedeas—Statutory Bond.

A supersedeas bond for the stay of an execution in a money judgment is a statutory bond, and the conditions and operation of the bond are fixed by statute.

**2. Same—Consideration for Bond.**

The consideration of a supersedeas bond, approved and filed in a case, for the stay of execution in a money judgment is the involuntary forbearance of the judgment creditor to collect his debt by operation of law.

**3. Same—Effect of Bond.**

The filing and approving of a supersdeas bond in a case wherein a judgment is rendered for money, in the form and manner prescribed by statute, operates to stay the execution pending the appeal.

**4. Same—Validity of Second Supersedeas Bond.**

If, after a supersedeas bond is approved and filed in a case wherein a money judgment is rendered, in the form and manner prescribed by law, a second supersedeas bond is approved and filed in the cause while the first bond is in effect, the second bond is without consideration, and is a nullity, and the sureties thereon are not bound.

**5. Principal and Surety—Liability of Successive Sureties.**

The rule of equity that holds successive sureties on judicial bonds liable to each other, in the inverse order in which they become sureties, rests upon the fact that the second bond stayed the judgment creditor from the collection of his debt, through an additional step of the litigation, without the consent of the first sureties, and that the second bond was valid, and required by law or the valid order of the court.

**6. Same—Basis of Liability.**

The equitable rule of liability rests upon the principle that as the second sureties acted for the benefit of the principal, without the consent of the first sureties in prolonging the litigation, to the probable detriment of the first sureties in securing relief against the judgment debtor, after satisfying the judgment creditor, it should be at the cost of the second sureties.

**7. Estoppel—Equitable Estoppel — Misconstruction of Law.**

All parties in a transaction stand charged with equal knowledge of the law applicable thereto and with the legal effect of the acts. If parties stand upon an equal plane, misconstruction of the legal effect of the acts cannot become the basis of an equitable estoppel for one against the other.

**8. Principal and Surety—Liability of Successive Sureties on Void Bond.**

By the rules of law the second sureties are not liable to the first sureties, if the second bond did not operate to stay the execution and is void.

**9. Supersedeas—Invalidity of Second Bond.**

Record examined, and held that the first supersedeas bond was valid and in effect at all times, and operated to stay the execution. The second supersedeas bond filed in the cause, not being required by law or the valid order of the court, was inoperative, without consideration, and null and void.

(Syllabus by Stephenson, C.)

Commissioners' Opinion, Division No. 4.

Error from District Court, Pittsburg County; Harve L. Melton, Judge.

Action by the National Surety Company against Frank Craig and Helen M. Hailey, as executors of the estate of Daniel M. Hailey, deceased, and J. M. Bolenger for debt. Judgment for defendants. Plaintiff brings error. Affirmed.

N. B. Maxey and Horton & Gill, for plaintiff in error.

Moore & Harries, for defendant in error.

Opinion by STEPHENSON, C. Mary Miozrany recovered a money judgment in a damage suit against the Osage Coal & Mining Company. The coal company gave notice of appeal, and caused to be approved and filed in the case, a supersedeas bond, for which the National Surety Company, and Wm. Busby were sureties. Later the surety company advised the court clerk by wire that its general agent, who executed the bond was without authority to do so, and requested its release from the bond as surety. The trial court acted without notice on the request for release of the surety company, and entered its order requiring the filing of another supersedeas bond. Later the coal company caused to be filed and approved in the cause another supersedeas bond, as principal, with D. M. Hailey and J. H. Bolenger as sureties. The release of the National Surety Company from the first bond was without notice to the plaintiff in the coal company case. The coal company perfected its appeal in the damage suit to this court, which was affirmed. The coal company failed to pay the judgment as affirmed, and the plaintiff commenced her action against the principal and the National Surety Company, as surety on the first supersedeas bond filed in the cause, and also joined the sureties on the second bond. In the course of the trial of the cause, the plaintiff dismissed her action against all the sureties except the National Surety Company. The trial resulted in a judgment against the National Surety Company, plaintiff in this cause, for the amount of judgment and costs in the coal company case. The surety company appealed the cause to this court, which was affirmed in the case of National Surety Co. v. Mary Miozrany, 53 Okla. 322, 156 Pac. 651. The judgment in the latter cause was paid by the surety company, and it commenced its action against the sureties on the second superse-

deas bond for the amount of the judgment paid in the coal company case. In the trial of the cause judgment went for the defendants, and the surety company is now before this court for a review of the proceedings in the instant case. This court did not base its decision in the case of the National Surety Co. v. Miozrany, supra, on equitable grounds, but on the rule of law that the principal is bound to third parties, through the acts of its agents, when done within the scope or apparent scope of the agents' authority, even though such acts should transcend private instructions or limitations upon the power of the agent, if such limitations are unknown to the party with whom the agent deals. The surety company in the Miozrany Case defended principally on the ground that the order of the trial court in the coal company case, requiring the principal to substitute a supersedeas bond for the first bond filed in the cause, operated to release it as surety on the first bond. This court in consideration of the question found that the order of the trial court requiring the substitution was a nullity for the reason that it was made without notice to the plaintiff. The first bond being in the sum of money and form required by statutes, executed by an agent, at least within his apparent scope of authority, was valid and effective in every particular as a supersedeas bond. The status of the first supersedeas bond was established in the former appeal. The supersedeas bond involved in the instant case is a statutory bond. Its conditions and obligations are fixed by law. It is not within the province of the trial court to vary conditions of the bond, or increase or decrease the penalty of the bond in appeal, in a judgment for money. If a statute does not expressly provide for a supersedeas bond in some particular action, inherent power may repose in the trial court to stay execution on appeal, and to provide the conditions and penalty of the bond for staying execution. Bearing in mind that we have two classes of supersdeas bonds, (a) those fixed by statutes, and (b) those fixed by the valid order of the court by reason of its inherent power, we can more accurately analyze the authorities cited by counsel. But, after all, there is no occasion to differentiate between the two classes of bonds in order to decide the instant case, because this court held in the former appeal that the action of the trial court in ordering the substitution of the supersedeas bond was a nullity. The questions of the power of the trial court to order the substitution of a bond, and the release of the sureties on the first bond, were not involved in the former appeal, because the acts of the trial court were a nullity. If the acts of the trial court had been valid, we would have been led on to the second step to a consideration of these questions. The acts of the trial court in attempting the substitution being a nullity, this appeal presents for consideration merely the question of the effect of the coal company filing a second purported supersedeas bond for the stay of execution, which bond was not required by law or the valid orders of the court, nor was it the result of an agreement between the parties to this action.

It is true that liability may sometimes result by the doing of an act aside from the requirement of the law, or orders of the court, by operation of equity. So, we will first determine whether or not the acts of the defendants were such as called into action any equitable rules in favor of the plaintiff in this cause. Plaintiff largely rests its right of recovery on equitable grounds, as shown by its reply brief. The equitable rule that successive sureties on judicial bonds are liable in the inverse order in which they become bound rests upon the principle that, the second bond being made without the consent of the first sureties, to continue the litigation for the benefit of the principal, the risk ought to be borne by the sureties prolonging the litigation. The rule is reasonable, right, and justly shifts the burden, if any, where it ought to be born. But the application of the rule presupposes that the sureties signed a bond required by statutes or the valid order of the court which continued the litigation through another step, and that the bond by operation of law resulted in the involuntary forbearance of the creditor to collect his debts during the interval. The first bond was a valid supersedeas bond and upon approval and filing in the cause, by operation of law, stayed the collection of the plaintiff's debt. The action of the trial court in attempting to substitute the second bond being a nullity, the forbearance of plaintiff to collect her debt against the coal company during the pendency of the appeal was due entirely to the effect of the approval and filing of the first bond in the cause. It follows that there was no consideration for the second bond for which these defendants are sureties, as the stay of execution during the appeal of the coal company's case was effected by the first bond. The second bond was filed in the case aside from a requirement of the law, a lawful order of the court or the result of an agreement between the parties to this action. It therefore follows that the second bond did not deter the creditor in the collection of her debt, hence the

bond was without consideration and a nullity. The reason for invoking the equitable rule sought to be applied by the plaintiff is absent in this case Therefore it cannot support the right to recover on equitable grounds. The plaintiff further asserts that the defendants are liable on the ground of estoppel by reason of filing the second bond in the coal company case, which lulled the surety company into a sense of security during the appeal and the time in which it might have brought about its release from the first bond. The answer to this proposition is that the action of the trial court in attempting the substitution of the bond, resulting in a nullity, was a matter of law, and of which the law charged all the parties to the action with notice. In this respect, the parties to this action stand upon an equal basis. There was lack of privity between the parties and no obligation rested upon one set of sureties to act for the other. Matters of equal knowledge between parties cannot become the basis of an equitable estoppel in favor of one against the other.

The plaintiff must rest its right of recovery upon the rules of law. The second bond, not being required by law or the valid order of a court to stay the execution in the coal company case, was without consideration and a nullity. The bond being void, it cannot become the basis for a recovery against the defendants in this case. Carter v. Hodge (N. Y.) 44 N. E. 1101; St. Charles St. Ry. Co. v. Fidelity & Deposit Co. (La.) 33 South. 574; Lyons v. Lancaster (Ky.) 33 S. W. 838; Meeman v. Hill (Kan.) 25 Pac. 870; Powers v. Chabat (Cal.) 28 Pac. 1070; McCollim v. Hibernia Savings & Loan Society (Cal.) 33 Pac. 329; Barnes v. Buffalo Pitts. Co. (Idaho) 57 Pac. 267; Olson v. Birch & Co. (Cal.) 81 Pac. 656.

It is therefore recommended that the judgment be affirmed.

By the Court: It is so ordered.