### RHODABARGER v. CHILDS et al.

No. 16328—Opinion Filed April 6, 1926.

Rehearing Denied Nov. 16, 1926.

**Judgment—Res Judicata—"Same Cause of Action".**

Judgment is a bar if the cause of action be the same, though the form be different. The cause is the same when the same evidence will support both actions; or, rather, the judgment in the former action will be a bar provided the evidence necessary to sustain the judgment for the plaintiff in the present action would have authorized a judgment for him in the former.

(Syllabus by Estes, C.)

Commissioners' Opinion, Division No. 2.

Error from District Court, Pawnee County; Edwin R. McNeill, Judge.

Action by Carl Rhodabarger against W. O. Childs et al. for accounting and share of partnership property. Judgment for defendants, and plaintiff appeals. Affirmed.

Geo. W. Reed, Jr., and F. E. Riddle, for plaintiff in error.

Wm. Blake, for defendants in error.

Opinion by ESTES, C. Parties appear in the same order as in the trial court. Plaintiff alleged that he and defendant W. O. Childs were partners, by oral agreement, in the drilling of certain oil and gas wells; that the latter owned three strings of drilling tools, exhibiting the inventory thereof; that Childs sold and agreed to deliver to plaintiff an undivided one-half interest therein for $8,000, to be paid out of the profits of the drilling; that plaintiff was to conduct the drilling and receive also $150 per month for living expenses; that, accordingly, plaintiff drilled ten wells, for which defendant Childs and his wife, the other defendant, received the contract price, a large sum; that plaintiff also advanced $1,000 for the benefit of the partnership in paying labor; that the net profits of the partnership were about $30,000, appropriated by defendants, one-half of which, plus the $1,000 so advanced, was due plaintiff, praying judgment for $16,000, dissolution of the partnership, and accounting. Defendants denied the partnership arrangement and alleged oral sale to plaintiff and his two partners of the drilling tools described in the petition for $6,000, one-half of which was paid by the three in cash, and the balance evidenced by three promissory notes of $1,000 each, secured by chattel mortgage on the tools and signed by plaintiff and his two associates; that default had been made in the payment of two of said notes, and that he, Childs, had procured judgment in the district court in replevin against the three for the possession of the same tools, pleading such judgment in bar of the instant action. Plaintiff replied, admitting that he had signed said notes, but only on behalf of himself and his two associates as partners—not in his individual capacity—denying that said judgment in the replevin action was res judicata. On trial to a jury, the court directed verdict for defendants and rendered judgment thereon. In said replevin suit, one of the defendants, plaintiff in the instant case, for answer, alleged that Childs was indebted to him in an amount far in excess of that claimed by Childs to be due on the notes, for that he, plaintiff in the instant case, had purchased an undivided one-half interest in the tools, and had paid for same out of the accruing

profits; that at the time of the sale of the tools by Childs to plaintiff and his associates, and the execution of the notes and mortgage, plaintiff was the owner of such interest, and that Childs was indebted to plaintiff in the further sum of $1,000, being the amount received by Childs over and above the one-half interest owned by Childs in the tools; that by reason thereof there was no sum due to Childs on said notes, and that therefore Childs was not entitled to the possession of the tools. It thus appears that the same facts were relied upon by plaintiff in said replevin action as pleaded by him in the instant action. Judgment was for Childs in the replevin action according to the prayer of his petition. That judgment became final. The records in that case became evidence on behalf of defendants in the instant action, and the facts concerning said replevin action are undisputed. Thus, it is seen that the plaintiff set up the same cause of action for defense in the replevin action as pleaded by him in the instant petition. The proof required to sustain the allegations of his defense in the replevin action was necessarily the same as the proof required to sustain the petition in the instant action. In order to prevail in the replevin action, it had been necessary for plaintiff in the instant action to have proved such oral contract for the purchase of a one-half interest in the tools; that he had paid for same from his share of the partnership earnings, and that therefore he was the owner of such interest therein. Necessarily involved in that claim was the matter of $1,000, advanced by plaintiff for the partnership use and referred to in the answer in the replevin action. Plaintiff's right of such ownership of the tools depended upon his proof to sustain the same.

The trial court correctly adjudged that the judgment in said replevin action was res judicata in the instant case. In 34 C. J. 805, it is said:

"The test most commonly stated is to ascertain whether the same evidence which is necessary to sustain the second action would have been sufficient to authorize a recovery in the first; if so, the prior judgment is a bar."

In Cressler v. Brown et al., 79 Okla. 170, 192 Pac. 417, it is said:

"Where a right, question, or fact is distinctly put in issue and directly determined by a court of competent jurisdiction in a former suit between the same parties or their privies, the former adjudication of that fact, right or question is binding on the parties and their privies in a subsequent suit, irrespective of whether or not the causes of action are the same. * * *

"Is the point, or question, or fact, put in issue in the latter case the right or question or fact actually litigated and determined in the former or other action, and not what might have been litigated and determined in the other action."

In Comanche Ice Co. v. Binder & Hillery, 70 Okla. 28, 172 Pac. 629, it is held:

"A fact or question which was actually and directly in issue in a former suit, and was there judicially passed upon and determined by a court of competent jurisdiction, is conclusively settled by the judgment therein, so far as concerns the parties to that action and persons in privity with them, and cannot be again litigated in any future action between such parties or privies, in the same court, or in any other court of concurrent jurisdiction, upon the same or a different cause of action."

The latitude and flexibility of said former replevin action brought by Childs were sufficient to permit both legal and equitable rights of plaintiff, Rhodabarger, to be determined. Haltom v. Nichols & Shepard Co., 64 Okla. 184, 166 Pac. 745. The very rights and equities of plaintiff sought to be enforced in the instant action were pleaded by plaintiff in said replevin action. It is contended that res judicata cannot be invoked in the instant action because the judgment in the replevin suit was by default. A judgment by default, based upon personal service of summons on one of the defendants, is as conclusive against such defendant, upon every matter admitted by the default, as any other kind of judgment. Johnson v. Jones et al. (Kan.) 51 Pac. 224; State ex rel. Bradway v. DeMattos, Mayor, et al. (Wash.) 152 Pac. 721.

We deem it unnecessary to discuss the other contentions. Let the judgment be affirmed.

By the Court: It is so ordered.

Note.—See under (1) 34 C. J. p. 805 §1220 p. 813 §1232; 15 R. C. L. p. 964; 3 R. C. L. Supp. p. 511.