## WISE v. BURTON, Adm'r.

No. 26171. Jan. 26, 1937.

R. N. Bachelder and Charles Skalnik, for plaintiff in error.

H. J. Swarts, for defendant in error.

PER CURIAM. On October 15, 1934, Howard Wise, by his next friend, L. C. Neal, instituted an action against the defendant to recover the sum of $1,000, alleged to be due plaintiff. (The original petition is not made a part of the transcript.) Thereafter, on the 14th day of December, 1934, on motion of plaintiff, the trial court substituted L. C. Neal as next friend and legal guardian of said minor as plaintiff, and authorized the filing of an amended petition by such substituted plaintiff.

In substance, the amended petition alleged that George R. Vickers died on the 13th day of May, 1934, at which time he was indebted to Howard Wise, a minor, for services rendered, and acting upon the suggestion and advice of the heirs of Vickers, he (Howard Wise) filed his claim with the administrator on May 28, 1934, for the sum of $280. It is also alleged in the amended petition that the administrator advised the plaintiff that he would approve the claim. However, the claim bill shows its indorsement of disapproval the same day it was presented to the administrator, May 28, 1934, and was filed in the office of the court clerk of Tulsa county by the administrator on July 5, 1934. Suit was begun by plaintiff on the 15th day of October, 1934. The amended petition then alleges that the services performed by the minor were of the reasonable value of $750, for which sum the guardian filed claim with the administrator on December 6, 1934, and prayed judgment therefor. It is further alleged in the amended petition that due to the fraud and misrepresentation of the administrator in informing Wise that his claim for $280 would be approved, and due to the ignorance of Wise as to his rights in the premises, he did not file suit on the rejected claim within the statutory period.

To this amended petition, the defendant filed a general demurrer, which the trial court sustained and dismissed the cause.

The filing, approval, and rejection of claims against decedent estates and the time within which actions may be brought by claimants upon rejected claims are all fully defined by statute, secs. 1231 and 1239, O. S. 1931, and this court has frequently declared that unless the statute is strictly followed, no rights accrue to the claimant. Bilby v. Hart-Parr Co., 102 Okla. 53, 226 P. 360; In re Cardin, 132 Okla. 286, 270 P. 554; Miller v. Bradburn's Estate, 106 Okla. 234, 233 P. 736; Treese v. Horany, 119 Okla. 64, 248 P. 557; In re Barnett's Estate, 52 Okla. 623, 153 P. 653.

The amended petition discloses on its face that the original claim bill was disapproved on May 28, 1934. The plaintiff was required to institute his action on or before August 28, 1934. The disapproved claim was filed by the administrator July 5, 1934. No suit was brought until after the lapse of the three-month period. Hence the cause of action on that claim was barred by statute.

The claim for $750 was filed, according to the amended petition, on December 6, 1934, and forms the basis of the present action. The petition discloses that the same was filed long after the expiration of the period in which claims might be filed against the estate. The administrator was without power to approve this claim. The entire proceeding, as shown by the amended petition, relates to the filing of a claim as authorized by statute. The rights of the parties are likewise statutory and by the provisions of section 1240, O. S. 1931, the administrator is prohibited from allowing claims barred by statutory limitations.

As we view the complaint of plaintiff, he is seeking recovery on the $750 claim which shows on its face to have been filed many months after the period allowed within which to present claims to the administrator. In our opinion, such a petition does not state a cause of action.

Plaintiff contends, however, that a court of equity will lift the bar of the statute where a fraud has been committed as is alleged here. However, we note no allegation of fraud or misrepresentation made relative to the $750 claim sued on. The original claim of $280 is not involved in this action. The amended petition declares upon an entirely different rejected claim. Even if the trial court possessed equity powers, the amended petition does not state a case of fraud that under any circumstance would justify a court of equity in setting aside the plain, unambiguous terms of the statute.

The judgment is affirmed.

The Supreme Court acknowledges the aid of Attorneys G. A. Paul and C. B. Cochran in the preparation of this opinion. These attorneys constituted an advisory committee

selected by the State Bar, appointed by the Judicial Council, and approved by the Supreme Court. After the analysis of law and facts was prepared by Mr. Paul and approved by Mr. Cochran, the cause was assigned to a Justice of this court for examination and report to the court. Thereafter, upon consideration, this opinion was adopted.

OSBORN, C. J., BAYLESS, V. C. J., and BUSBY, GIBSON, and HURST, JJ., concur.