DIXON et al. v. DIXON et al.

No. 30208. May 12, 1942.

Rehearing Denied June 16, 1942.
Application for Leave to File Second Petition for Rehearing Denied June 30, 1942.

*126 P. 2d 1020.*

140

R. E. Bowling, of Pauls Valley, for plaintiffs in error.

Sam L. Wilhite, of Anadarko, Melton, McElroy & Vaughn, of Chickasha, and Hayes, Richardson, Shartel, Gilliland & Jordan, of Oklahoma City, for defendants in error.

PER CURIAM. Ivan Dixon instituted this action against Anna B. Dixon, the widow of B. S. Dixon, deceased, and First National Bank & Trust Company of Oklahoma City, the executor of the last will and testament of said deceased, and Grover C. Dixon, George D. Dixon, Carrie B. Petree, Nora E. Anderson, Mamie L. Mankin, and Martha D. Dixon, legatees and contingent beneficiaries under a trust provision of the will, to determine whether said will was valid in whole or in part.

The action, while denominated one to construe a will, was in reality one to vacate certain proceedings theretofore had in connection with the probate of the will in the county court and to determine whether the will of an unmarried man who thereafter marries and dies precludes the widow from claiming the protection afforded her by section 1539, O. S. 1931, '84 Okla. St. Ann. § 44.

The plaintiff in said action alleged, in substance, that the will was either valid or invalid in toto and that the county court had erroneously permitted the widow to elect to take under the law of succession and to hold that the will was valid as to all other persons. The widow and the executor of the will answered that all proceedings had been had in due form of law, and that the estate had been closed by decree of distribution in which all persons interested were parties, and that plaintiff and all others were barred and estopped from contesting the proceedings in this form of action. The contingent beneficiaries under a trust provision of the will answered asserting that the will was valid in all respects, and that the surviving spouse should have been held limited thereto and not permitted any election.

Trial was had to the court. The court made very extensive findings of fact with reference to what had transpired, the material findings being to the effect that B. S. Dixon died testate as to all save his widow, Anna B. Dixon, and as to her died intestate, and that she had properly elected to take under the law of succession, and concluded as a matter of law that plaintiff was not entitled to the relief which he sought or to any relief under his petition, and entered judgment in favor of the widow and the executor of the will. The plaintiff, Ivan Dixon, filed a motion for new trial, but when this was overruled permitted the judgment as to him to become final. The contingent beneficiaries under the trust provision of the will have prosecuted this appeal.

The plaintiffs in error as grounds for reversal of the judgment below urge, in substance, that the will of B. S. Dixon was a valid and binding one, and that Anna B. Dixon, being named as a legatee therein, was bound to take under the will and could not take under the law of succession.

The basis for the contention so made rests upon the following state of facts as reflected by the record. On June 2, 1933, B. S. Dixon, then an unmarried man, made and published his last will and testament and therein named the First National Bank & Trust Company of Oklahoma City as executor of said will and made specific legacies to a number of individuals, including the plaintiffs in error and Anna B. Dixon, who was then Anna Baker, and by said will placed all of the rest of his property in trust for the benefit of his only child, Ivan Dixon, and provided that

said estate was to be held by the trustee for the benefit of said Ivan Dixon and paid to him in definite portions until he should attain the age of 50 years, at which time the corpus of the estate should be delivered to him as his sole property with the proviso, however, that in the event the said Ivan Dixon should die unmarried and without issue prior to attaining the age of 50 years, then the trust fund should go to and be vested in the plaintiffs in error. B. S. Dixon thereafter married the said Anna Baker and was living with her as her husband when he departed this life on February 21, 1935. It developed that the aforesaid will was the last and only will of the deceased. The said will was thereupon duly admitted to probate by the court having jurisdiction of the estate of the deceased. The surviving widow, Anna B. Dixon, renounced the will and elected to take under the law of succession. In due course, a decree of distribution was duly entered on December 7, 1935, and the estate closed; distribution being made under the law to the widow and under the will to the other persons interested. All of the parties interested in the estate were present and represented and prosecuted no appeal from the decree so entered, but permitted the same to become final.

Assuming, without deciding, that the action was one which could be properly maintained at the time and under the circumstances narrated, we will proceed to consider the contention of the plaintiffs in error, which is, in substance, that since provision was made in the will of the deceased for the widow, this satisfied the requirement of section 1562, O. S. 1931, and the widow was bound to accept the will and had no election to take under the law of succession. If the aforesaid section of the statute were the sole statutory provision involved, the contention of the plaintiffs in error would not be without support of respectable authority. See In re Adler's Estate, 52 Wash. 539, 100 P. 1019, and cases therein cited and discussed. We are of the opinion, however, that said section of the statute, supra, and all of the cases cited by plaintiffs in error in

support thereof are without application in the case at bar for the reasons which will hereinafter appear.

A will is ambulatory during the life of its maker and takes effect and speaks only at and after the death of its maker. Wilson v. Greer, 50 Okla. 387, 151 P. 629. When B. S. Dixon died he was a married man and his will spoke and became effective as of that date. The effective statute at that date was O. S. 1931, section 1539, which reads as follows:

"Every estate in property may be disposed of by will; provided, however, that a will shall be subservient to any ante-nuptial marriage contract in writing; but no spouse shall bequeath away from the other so much of the estate of the testator that the other spouse would receive less in value than would be obtained through succession by law; provided, further, that no person shall by will dispose of property which could not be by the testator alienated, encumbered or conveyed while living, except that the homestead may be devised by one spouse to the other."

Under the above-quoted section a surviving spouse becomes a forced heir of the deceased spouse (McLaughlin v. Yingling, 90 Okla. 159, 213 P. 552; Hill v. Buckholts, 75 Okla. 196, 183 P. 42; Ward v. Cook, 152 Okla. 234, 3 P. 2d 728; Scott v. Scott, 131 Okla. 144, 268 P. 245; Bank of Commerce & Trust Co. v. Trigg, 138 Okla. 216, 280 P. 563), and has a right to elect whether to take under the will or under the law of succession. Hulen v. Truitt, 188 Okla. 296, 108 P. 2d 170. Where a surviving spouse elects to take under the law, the will, although valid and subsisting as to all others, is invalid and nonexistent as to such spouse. Hill v. Buckholts, supra. In such case the will is properly admitted to probate, but decree of distribution is to be made to the surviving spouse under the law of succession and to all others under the will. In re Appeal of Sims' Estate, 162 Okla. 35, 18 P. 2d 1077.

The contention of the plaintiffs in error, if sustained, would have the effect of rendering nugatory the provi-

sions of the statute in favor of the surviving wife, supra, and would make every will executed before marriage, where any provision has been made therein for the subsequent spouse, binding upon such spouse and thus make the will speak from its date rather than from the death of its maker. We are of the opinion, and hold, that by virtue of section 1539, O. S. 1931, one spouse may not by will dispose of his or her estate to the exclusion of the other spouse in a greater amount than such surviving spouse would be entitled to receive under the law of succession irrespective of whether such will be made prior or subsequent to the marriage of the parties.

No reversible error is presented; therefore, the judgment is affirmed.

WELCH, C. J., CORN, V. C. J., and RILEY, BAYLESS, GIBSON, and DAVISON, JJ., concur. OSBORN, J., not participating. HURST and ARNOLD, JJ., absent.