### TUCKER  v.  ZACHARY et al.

No. 34867.

Supreme Court of Oklahoma.

April 6, 1954.

Rehearing Denied April 27, 1954.

Owen F. Renegar, Oklahoma City, for plaintiff in error.

Hervey & May, Oklahoma City, for defendants in error.

WILLIAMS, Justice.

Parties are referred to herein as in the trial court.

Plaintiffs were two foster daughters of William R. Smith and Martha F. Smith, but they had never been legally adopted by Mr. and Mrs. Smith. Defendant was the administrator of the estate of William R. Smith, deceased.

Plaintiffs' petition alleged that Mr. and Mrs. Smith mutually agreed and contracted with each other to leave all of their property by will to their foster daughters; that thereafter, and pursuant to such contract, they executed, or attempted to execute, a mutual and conjoint holographic will; that thereafter they were killed in an automobile accident, Mrs. Smith dying about 55 minutes before her husband. The prayer of the petition was for a judgment and decree establishing and enforcing the alleged contract.

The evidence showed, among other things, that the will in question was entirely in the handwriting of Mrs. Smith, and was signed by both her and her husband. It was accordingly admitted to probate in the county court as the will of Mrs. Smith, but was denied probate as the will of Mr. Smith. No appeal was taken from that action of the county court.

The trial court found for plaintiffs, and the defendant administrator has appealed.

Defendant (plaintiff in error) presents alleged errors under seven propositions, which will be considered in the order in which presented.

■ The first one is that the court erred in overruling the defendant's demurrer to the petition, for the reason that same did not state a cause of action. Defendant argues that the petition shows on its face that it is merely an attempt to relitigate the question of whether or not the instrument executed by Mr. and Mrs. Smith was the will of Mr. Smith; that such question was decided in the probate proceeding in county court, and that by authority of the rule found in Rhodabarger v. Childs, 120 Okl. 88, 250 P. 489, the county court judgment is a bar to this action.

This argument is without merit for the reason that the petition plainly shows on its face that the gist of the cause of action is the enforcement of a contract. The petition alleges, among other things, that Mr. and Mrs. Smith made an agreement to devise and bequeath their property to plaintiffs herein; that pursuant to such agreement they executed a so-called conjoint holographic will; that the "promises, agreements and contracts" between the parties "were not reduced to writing, save and except for the conjoint holographic will". Such being the case, the judgment entered in the probate proceeding is not res judicata as to the instant action, for the reason that the causes of action were not the same, and the same evidence would not support both actions. See Rhodabarger v. Childs, supra, wherein the court said in syllabus one:

"Judgment is a bar if the cause of action be the same, though the form be different. The cause is the same when the same evidence will support both actions; or, rather, the judgment in the former action will be a bar provided the evidence necessary to sustain the judgment for the plaintiff in the present action would have authorized a judgment for him in the former."

■ Obviously, evidence of the existence of a contract would not even have been material in the probate action, where the only real issue was "the factum of the will", Armstrong v. Letty, 85 Okl. 205, 209 P. 168, 170, and evidence as to whether or not the instrument executed by Mr. and Mrs. Smith was the will of Mr. Smith, while material, would not have been decisive of the main issue in the instant case, where the dispute was as to the existence of the contract.

■ Defendant also argues under this proposition that the petition shows on its face that there was a violation, or attempted violation of the "forced-heir" statute, 84 O.S.1951 § 44, for the reason that the petition alleges that Mr. and Mrs. Smith each agreed to bequeath and devise to the other less than such other would have received under the laws of descent and distribution. Such argument is inapplicable here for the reason that the petition does not plead such a violation. See Porter v. Hansen, 190 Okl. 429, 124 P.2d 391, 392, wherein the court said:

"A will which gives to a forced heir less than the heir would receive by inheritance is not void, but is merely voidable *as to such forced heir* at his or her election." (Emphasis supplied.)

Under authority of the above rule, the contract pleaded by plaintiffs was not void, but merely voidable at the election of the forced heir (surviving spouse, in the case at hand); therefore, the petition does not plead a contract to make a void will.

■ It is true that there are some cases indicating a rule contrary to that quoted from the Porter case, supra. See Dixon v. Dixon, 191 Okl. 139, 126 P.2d 1020; Crane v. Howard, 206 Okl. 278, 243 P.2d 998. However, even granting for purposes of argument only that a will in contravention of 84 O.S.1951 § 44 is void, the weight of authority is to the effect that it is void only as to the surviving spouse, *and not as to the other heirs or devisees.* See the emphasized portions of the rule quoted above from Porter v. Hansen. See also the court's syllabus number 3 in Mantz v. Gill, 147 Okl. 199, 296 P. 441; and see Dixon v. Dixon, supra, [191 Okl. 139, 126 P.2d 1023], wherein the court said in the body of the opinion:

"Where a surviving spouse elects to take under the law, the will, *although valid and subsisting as to all others*, is invalid and non-existent as to such spouse." (Emphasis supplied.)

To the same effect is In re Carothers' Estate, 196 Okl. 640, 167 P.2d 899.

Therefore, since the petition herein pleads a contract to make a will which, at most, is only void (or voidable) *as to a surviving spouse*, and which is "valid and subsisting" as to all others, and further pleads there was no surviving spouse, it cannot be said that a cause of action is pleaded which rests upon a violation of statute, since, as a matter of law, such a will as was contemplated by the parties when it is alleged such contract was made, would not have been invalid either as to plaintiffs or the heirs and personal representatives of the deceased, Mr. Smith.

█ The second proposition is that the court erred in overruling defendant's motion to dismiss for the reason that plaintiffs herein abandoned this cause after the petition in the case at hand was filed, by filing a claim with the administrator of the estate of William R. Smith, which claim was based upon the same alleged contractual obligations as those set out in the petition in this case. The claim was disallowed by operation of law when the administrator refused for ten days to act upon it. 58 O.S.1951 § 337. Defendant's argument is to the effect that the filing of the claim with the administrator amounted to an election of remedies.

This argument is not sound for the reason that no election of remedies was involved. Plaintiffs were merely following the provisions of 58 O.S.1951 § 339 to the effect that when a claim against an estate is rejected, suit must be brought in the proper court. See Hamilton v. Browder, 176 Okl. 229, 54 P.2d 1025, 1026, wherein the court said:

"In the event a claim filed against the estate of a decedent is disallowed by either the administrator, executor, or county judge, the remedy to establish the rejected claim is not by appeal, but by an independent action

and judgment against the personal representative of the estate in a court of competent jurisdiction."

To the same effect are In re Barnett's Estate, 52 Okl. 623, 153 P. 653; Miller v. Bradburn's Estate, 106 Okl. 234, 233 P. 736; and Wise v. Burton, 179 Okl. 77, 64 P.2d 664.

In passing, we note that there is authority for the rule that purely equitable claims need not be presented to the administrator or executor (Brooks v. Yarbrough, 10 Cir., 37 F.2d 527); therefore, if plaintiffs' claim herein is considered to be purely equitable in nature (and that point is not herein decided), their action in filing a claim with the administrator was unnecessary and mere surplusage.

█ The third proposition is that the court erred in admitting any evidence on behalf of plaintiffs because their petition stated no cause of action, and that the court erred in overruling defendant's demurrer to the evidence. We have already shown that the petition did state a cause of action, and the first part of this argument is therefore without merit. With regard to the demurrer to the evidence, the record shows the following: that on numerous occasions, Mr. and Mrs. Smith stated in the presence of each other, to relatives, and acquaintances that they wanted plaintiffs herein to have all of their property; that they "had it fixed" so the foster daughters would inherit everything; and that plaintiffs would inherit "everything we have". The holographic will of Martha F. Smith was introduced in evidence as an "instrument of proof tending to prove a contract". Defendant cites and relies upon Paull v. Earlywine, 195 Okl. 486, 159 P.2d 556, to the general effect that mere execution of a mutual will does not show a contract to make such will. This statement would not necessarily be controlling here, since the evidence in the instant case is not limited to "mere execution of mutual wills". The evidence, direct and circumstantial, in the case at hand shows that Mr. and Mrs. Smith reared the plaintiffs herein from childhood and at all times occupied the

relation of parents toward them; their conduct before and after execution of the will shows beyond doubt that they wanted and intended for plaintiffs to inherit all their property; that in the execution of the will, they acted with a common motive, with full knowledge of each other's desire and (to them) apparent complete accomplishment of their purpose. We will not speculate as to whether or not they were ignorant of the provisions of the "forced heir" statute to the extent that neither realized that he might be giving up a valuable right, because the fact is that they were both presumed to know the law. See Town of Red Fork v. Gantt-Baker, 130 Okl. 175, 266 P. 444; State ex rel. Hatfield v. Moreland, 152 Okl. 37, 3 P.2d 803; Champlin Refining Co. v. Magnolia Petroleum Co., 178 Okl. 203, 62 P.2d 249.

After a careful consideration of all the facts and circumstances in this case, we cannot say that the court erred in overruling the demurrer to plaintiff's evidence.

The fourth proposition is that the judgment in the county court wherein the instrument executed by Mr. and Mrs. Smith was not admitted to probate as the will of Mr. Smith is a bar to the instant action. This is but a re-statement of the argument which we considered under proposition one, and requires no further answer.

The fifth proposition is that the court erred in admitting oral testimony "for the reason that said matter was reduced to writing and also offered in evidence by Defendants in Error". This proposition apparently has reference to the well recognized general rule that parole testimony may not be admitted to alter or vary the terms of a written contract. Such rule has no application here, for the reason that the instrument executed by Mr. and Mrs. Smith is not relied upon as a "written contract" which is sought to be enforced. It was offered in evidence merely as an "instrument of proof", and it was nowhere alleged or contended that it was in fact the agreement sued upon. The argument is therefore without merit.

The sixth proposition is that the purported agreement is void for lack of consideration, the argument being that plaintiffs herein, being third-party beneficiaries, gave no consideration for the contract and are therefore not entitled to enforce it. However, it is to be noted that plaintiffs herein were not parties to the contract. As between Mr. and Mrs. Smith, who exchanged mutual promises, see 17 C.J.S., Contracts, § 89, which reads in part:

"A benefit to a third person may constitute a sufficient consideration for a promise."

See also 17 C.J.S., Contracts, § 97, which reads in part:

"Where mutual promises are made, the one furnishes a sufficient consideration to support an action on the other".

See also Eggstaff v. Phelps, 99 Okl. 54, 226 P. 82, to the general effect that the third-party beneficiary of a contract to make a will, may bring an action for the enforcement of the contract.

The seventh proposition is a general summary of the first six, is not separately treated in the brief, and requires no separate treatment here.

It may be suggested that our holding herein enables a husband or wife to circumvent the provisions of 84 O.S.1951 § 44 (the "forced heir" statute). Such is not the case. Strictly speaking, the "forced heir" statute is not involved in the instant action, because Mr. Smith left no surviving spouse or other forced heir. We have only been required to consider that statute to the extent of answering the implications of defendant's argument that plaintiffs are seeking to require Mr. Smith to do by contract what the law does not allow him to do by will. It is elementary that had his wife survived him, she could have elected to take either under the statute or under the will, had he left one. Such implications then are not well founded.

The judgment of the trial court is affirmed.

JOHNSON, V. C. J., and WELCH, CORN and ARNOLD, JJ., concur.

HALLEY, C. J., and DAVISON, O'NEAL and BLACKBIRD, JJ., dissent.

DAVISON, Justice (dissenting).

I think I should outline briefly my reasons for dissenting to the majority opinion in the above styled cause.

It is my opinion that in this case there is an entire absence of two elements essentially prerequisite to recovery by the plaintiffs in the trial court. They are lack of proof of contractual obligations and lack of consideration for any contract. The purported will of Mr. Smith was not properly executed and had no testamentary effect. Its attempted execution had no tendency to prove a contractual obligation. Paull v. Earlywine, 195 Okl. 486, 159 P.2d 556. Also, 169 A.L.R. 68. The strongest proof made of the existence of a contract was the testimony of one of the witnesses that Mr. and Mrs. Smith had said "they (the Smiths) had everything fixed if anything should happen, that they wanted Maudie and DeLois to have what they had. They said they had everything fixed. They made that statement the last three or four times they were there."

I do not think the evidence constituted any proof of a contract. A declaration of intent to make a will does not establish the existence of a contract to make a will. Crawford v. Briant, 10 Cir., 53 F.2d 754; Frese v. Meyer, 392 Ill. 59, 63 N.E.2d 768; In re Opel's Estate, 352 Mo. 592, 179 S.W.2d 1; Diez v. Rosicky, 145 Neb. 242, 16 N.W.2d 155. I cannot interpret such proof to be "so cogent, clear, and forcible as to leave no reasonable doubt as to its [the contract's] terms and character" as such it must be "before a court of equity will specifically enforce an oral contract to devise property". Kinnett v. Goodno, 170 Okl. 620, 41 P.2d 824, 825.

As to the matter of consideration, it was held in the case of Louthan v. Johnson, 111 Okl. 170, 239 P. 173, 176, that "contracts to make a will which are entered into in writing and containing a consideration are enforceable, but contracts, either oral or written, are not enforceable without a consideration." Mutual wills were not entered into because Mr. Smith made no will. Therefore, Mrs. Smith was not bound to make the will she did nor, having made it, was she bound not to revoke it. Since she was not bound, neither was Mr. Smith. See Ireland v. Jacobs, 114 Colo. 168, 163 P.2d 203, 161 A.L.R. 1413. If one party to a contract is not bound, neither is the other. In addition, by the provisions of 84 O.S.1951 § 44, Mrs. Smith's will was void as to Mr. Smith because, under the laws of intestate succession, he was entitled to the entire estate which she left. The only method by which her will could acquire validity was by his election to take under it. In the case of Bank of Commerce & Trust Co. v. Trigg, 138 Okl. 216, 280 P. 563, it was held that, unless an election is made, a surviving spouse takes under the law and not under the will. If the spouse die before making an election, none of the heirs can make it and the survivor takes under the law. Further, "A husband and wife cannot, by contract to make a conjoint will, and by the making of such will in pursuance thereto, nullify the provisions of 84 O.S.[1951] § 44 known as the 'forced heir statute.'" In re Blaydes' Estate, 202 Okl. 558, 216 P.2d 277, 278. "Our statutes authorizing spouses to contract with each other do not extend to the subject of wills, or to an agreement of one not to dissent from the will of the other". Crane v. Howard, 206 Okl. 278, 243 P.2d 998, 1001.

It is my conclusion that the proof was not sufficient to establish the making of a contract to devise property and also that, had a contract been definitely proven, it is of no effect because of an utter lack of any consideration. I, therefore, respectfully dissent.

I am authorized to state that Mr. Justice O'NEAL and Mr. Justice BLACKBIRD concur in the above dissent.